■ HOME REPORTER, INC., et al., Respondents-Appellants, v. BROOKLYN SPECTATOR, INC., Appellant, and WALTER E. HAAS et al., Respondents.— Appeal by defendant Brooklyn Spectator, Inc., as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated September 16, 1969, as denied its motion to dismiss plaintiffs' complaint as to it, and plaintiffs cross appeal from so much of the same order as granted the motion of the individual defendants to dismiss the complaint as to them. Order modified, on the law, by striking therefrom the first ordering paragraph, which granted the motion of the individual defendants, and substituting therefor a provision denying said motion. As so modified, order affirmed, with a single bill of $10 costs and disbursements to plaintiffs against defendants appearing and filing briefs separately. In our opinion, the complaint states causes of action against the individual defendants for unfair competition and conspiracy. Our inquiry is limited to "whether it states in some recognizable form any cause of action known to our law" (*Dulberg* v. *Mock*, 1 N Y 2d 54, 56). Upon a motion under CPLR 3211 (subd. [a], par. 7) to dismiss a complaint, it is now fundamental that we look to the substance rather than to the form and that such a motion is solely directed to the inquiry of whether or not the pleading, *considered as a whole*, states a cause of action (*Foley* v. *D'Agostino*, 21 A D 2d 60, 64). The complaint at bar, while inartistically drawn and indefinite in certain of its allegations, does contain statements ' sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action" (CPLR 3013). Christ, P. J., Rabin, Hopkins and Munder, JJ., concur; Martuscello, J., not voting.

■ In the Matter of ANTHONY DEL VENTURA, Petitioner, v. VILLAGE OF NORTH TARRYTOWN et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to annul a determination of the Board of Trustees of the Village of North Tarrytown, rendered July 10, 1969, which suspended petitioner from his position as Lieutenant of the Police Department of said village for a period of 30 days without pay. Determination confirmed and proceeding dismissed on the merits, without costs. In our opinion, the determination was supported by substantial evidence. Rabin, Acting P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.