■ SANDRA DEL VECCHIO, an Infant and Incompetent Person, by Her Adoptive Parents and Duly Appointed Guardians, HELEN DEL VECCHIO et al., Respondents, v NASSAU COUNTY et al., Appellants, et al., Defendants.—In an action to recover damages for fraud, negligence and breach of contract, the defendants County of Nassau, Ralph G. Caso, Francis Purcell,

the Nassau County Department of Social Services and the Nassau County Board of Social Services appeal from so much of an order of the Supreme Court, Nassau County (Pantano, J.), dated February 25, 1985, as denied those branches of their motion for summary judgment which were for dismissal of the first cause of action in the complaint for constructive fraud, and the fourth cause of action for actual fraud insofar as those causes of action are asserted against the County of Nassau, the Nassau County Department of Social Services and the Nassau County Board of Social Services.

Appeal by the defendants Ralph G. Caso and Francis Purcell, dismissed, without costs or disbursements. These parties are not aggrieved by the order appealed from, since it dismissed the plaintiffs' complaint as against them (CPLR 5511).

Order modified, on the law, by deleting the provision thereof which denied that branch of the motion which was for summary judgment dismissing the first cause of action insofar as it is asserted against the County of Nassau, the Nassau County Department of Social Services and the Nassau County Board of Social Services, and substituting therefor a provision granting that branch of the motion to the extent that the first cause of action is dismissed insofar as it is asserted on behalf of the infant plaintiff against said defendants and is otherwise denied. As so modified, order affirmed insofar as appealed from by the said defendants, without costs or disbursements.

The instant action arises out of the adoption in 1969 of the infant plaintiff, Sandra Del Vecchio, by Helen and Anthony Del Vecchio, the adult plaintiffs. At some point following the adoption, the Del Vecchios discovered that Sandra was mentally retarded. The infant plaintiff's condition was allegedly caused by complications which occurred during her natural mother's pregnancy and her birth.

Helen and Anthony Del Vecchio, individually and on behalf of Sandra, instituted the instant action in 1982 against, *inter alia*, the appellants. The complaint asserted four separate causes of action against the appellants, including constructive fraud and actual fraud. The infant plaintiff sought recovery against the appellants based on the constructive fraud cause of action, and the adult plaintiffs sought recovery on, *inter alia*, both the constructive and actual fraud causes of action.

Following service of their answer, the appellants moved for summary judgment dismissing the complaint based, *inter alia*, on the ground that the Statute of Limitations had run and that it failed to state a cause of action. Special Term granted

the motion with respect to two of the causes of action on Statute of Limitations grounds, but denied the branches of the motion which were to dismiss the causes of action for actual and constructive fraud insofar as they were asserted against the County of Nassau, the Nassau County Department of Social Services and the Nassau County Board of Social Services (hereinafter the county defendants). Special Term also denied that branch of the motion seeking to dismiss the causes of action brought on behalf of the infant plaintiff as against the county defendants on the ground that her infancy had tolled the applicable Statute of Limitations.

We affirm Special Term's order insofar as it refused to dismiss the adult plaintiffs' causes of action sounding in actual and constructive fraud insofar as they are asserted against the county defendants. A cause of action based upon actual fraud must be commenced six years from the date of the fraudulent act or two years from the date the plaintiff discovered the fraud, or could with reasonable diligence have discovered it, whichever is longer (see, CPLR 213 [8]; 203 [f]; Smith v Sarkisian, 63 AD2d 780, affd 47 NY2d 878). Generally, the question of when the plaintiff discovered, or should have discovered, the alleged fraud is a "mixed question of law and fact which should not be resolved summarily (see, Azoy v Fowler, 57 AD2d 541). In the case at bar, the alleged fraudulent act occurred in 1969; thus, the six-year Statute of Limitations would preclude recovery for actual fraud. However, a triable issue of fact exists as to when Helen and Anthony Del Vecchio discovered, or should with reasonable diligence have discovered, the alleged fraud. Thus, the question of whether the actual fraud cause of action has been timely interposed after discovery of the alleged fraud, pursuant to the two-year Statute of Limitations, should not be resolved on the motion to dismiss. Similarly, while the constructive fraud cause of action is governed by a six-year Statute of Limitations which begins to run at the time of the commission of the fraud (see, CPLR 213 [8]; Lapis Enters. v International Blimpie Corp., 84 AD2d 286, 291), a question of fact also exists as to whether the appellants should be equitably estopped from asserting the Statute of Limitations defense (see, Simcuski v Saeli, 44 NY2d 442).

However, the infant plaintiff's cause of action for constructive fraud asserted against the appellants fails to state a cause of action and must be dismissed insofar as it is asserted against the county defendants (see, CPLR 3211 [a] [7]). In order to recover damages for constructive fraud, the following ele-

ments must be established: that (1) a representation was made, (2) the representation dealt with a material fact, (3) the representation was false, (4) the representation was made with the intent to make the other party rely upon it, (5) the other party did, in fact, rely on the representation without knowledge of its falsity, (6) injury resulted and (7) the parties are in a fiduciary or confidential relationship *(see, Brown v Lockwood,* 76 AD2d 721, 730). However, unlike actual fraud, in order to recover damages for constructive fraud, the plaintiff need not prove actual knowledge of the falsity of the representation by the defendant *(see, Brown v Lockwood, supra,* p 731; *Pitcher v Sutton,* 238 App Div 291, *affd* 264 NY 638). In the case at bar, the appellants made no representations, false or otherwise, to the infant plaintiff which resulted in injury. Accordingly, her cause of action to recover damages for constructive fraud must be dismissed. Mollen, P. J., Lazer, Kunzeman and Kooper, JJ., concur.