■ JOHN J. BAECHER, JR., Appellant, v HASTINGS Ross et al., Respondents.—In an action, *inter alia,* for rescission of a contract to convey real property and to recover damages for constructive fraud, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Gurahian, J.), entered January 28, 1987, which denied his motion to compel discovery and granted the defendants' cross motion to dismiss the complaint to the extent of dismissing the plaintiff's cause of action to determine title to real property with prejudice and dismissing the balance of the complaint without prejudice, and (2) as limited by his brief, from so much of an order of the same court, entered May 1, 1987, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered January 28, 1987, is dismissed, without costs or disbursements, as that order was superseded by the order entered May 1, 1987, made upon reargument; and it is further,

Ordered that the order entered May 1, 1987, is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly determined that the plaintiff's cause of action to determine title to real property is untimely. The subject property was conveyed to the defendants by the execution and delivery of a deed on October 24, 1979, as a result of a previous matrimonial action between the plaintiff and his former spouse. Accordingly, the plaintiff's commencement of the present action on June 23, 1986, challenging the conveyance on the ground, *inter alia,* of fraud, was not within the six-year limitations period applicable to this case *(see,* CPLR 213 [1], [8]).

The court also properly concluded that the allegations of the plaintiff's complaint fail to state a cause of action to recover damages for constructive fraud and breach of fiduciary duty against the defendants *(see, Del Vecchio v Nassau County,* 118 AD2d 615; *Brown v Lockwood,* 76 AD2d 721; *see generally,* CPLR 3211 [a] [7]).

Contrary to the plaintiff's contention, the court did not improperly convert the defendants' motion to dismiss pursuant to CPLR 3211 to a motion for summary judgment without giving notice to the parties *(see,* CPLR 3211 [c]). The complaint

was clearly dismissed pursuant to CPLR 3211 *(cf., Mihlovan v Grozavu,* 72 NY2d 506), and the plaintiff fully set forth his contentions with respect to the relevant issues. Mollen, P. J., Thompson, Rubin and Sullivan, JJ., concur.