■ EXCELSIOR 57TH CORP., Appellant-Respondent, v JACK N. LERNER, Respondent-Appellant, and ABRAMS LERNER KISSELOFF KISSEN & LAPIDUS, P. C., Respondent, et al., Defendant. —Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered September 15, 1988, which dismissed plaintiff's second and third causes of action solely against defendant Lerner and plaintiff's fifth through tenth causes of action against both Lerner and his law firm, and which denied his motion to dismiss the first and fourth causes of action solely against him for failure to state a cause of action, unanimously modified, on the law, to reinstate plaintiff's fifth cause of action, and otherwise affirmed without costs.

Plaintiff (the Coop) is a cooperative apartment corporation owning the building at 303 East 57th Street in Manhattan. Lerner is an attorney-at-law and his law firm (the Abrams firm) is a codefendant. The gravamen of all plaintiff's 10 causes of action is that while Lerner was serving as a director of the Coop board between May 1985 and May 1987, and a

member of the board's legal committee, he and the Abrams firm set up a 50-50 fee-splitting arrangement with another law firm, retained by the Coop on Lerner's recommendation, to reduce the Coop's real estate taxes on a 20% contingency fee. It is further alleged that Lerner and the Abrams firm received under this fee-splitting arrangement, at all material times concealed from the board, the sum of $46,894 for the tax year 1986/1987, and that the Abrams firm has claimed the same 50% entitlement to an even greater legal fee sought for the following tax year. The complaint seeks to recover the $46,894 fee plus attorney's fees, punitive damages and other relief based on various theories of recovery.

On defendant's cross appeal, we agree with the motion court that the first cause of action, based upon breach of a fiduciary duty, and the fourth, based upon violation of a Coop bylaw barring compensation for directors, each state a cause of action. It is by no means clear at this pleading stage of the action that the Coop knew of the fee-splitting arrangement, or that it knowledgeably ratified it at any time. Client knowledge of a joint representation agreement between lawyers is the *sine qua non* of its ethical validity *(Carter v Katz, Shandell, Katz & Erasmous,* 120 Misc 2d 1009; Code of Professional Responsibility DR 2-107), as well as proof that an attorney who claims part of a legal fee must have shared, to some significant degree, the legal work entailed *(Oberman v Reilly,* 66 AD2d 686, *lv dismissed* 48 NY2d 654; *A. Stanley Proner, P. C. v Julien & Schlesinger,* 134 AD2d 182, 184). Neither of these elements is conclusively established by the documents produced by defendants. On the fourth cause of action based on the Coop bylaw prohibiting compensation to be paid to any director for services to the Coop, whether the services Lerner did perform in the real estate tax litigation were dehors his duties as a director presents an issue of fact *(see, Bagley v Carthage, Watertown & Sackets Harbor R. R. Co.,* 165 NY 179).

We differ with IAS only insofar as it found the fifth cause of action against Lerner and the Abrams firm, for fraudulent concealment, insufficient on the asserted grounds that damages were not shown, and the allegations of fraud were too vague and conclusory. Whether the fee of the tax certiorari attorneys would have remained the same, or have been subject to reduction but for the intervention of Lerner and the Abrams firm, cannot be ascertained on this record. Here, where claims of self-dealing and divided loyalty are presented, a fiduciary may be required to disgorge any ill-gotten gain

even where the plaintiff has sustained no direct economic loss. In *Diamond v Oreamuno* (24 NY2d 494, 498), the Court of Appeals stated the applicable rule as follows: "It is true that the complaint before us does not contain any allegation of damages to the corporation but this has never been considered to be an essential requirement for a cause of action founded on a breach of fiduciary duty. * * * This is because the function of such an action, unlike an ordinary tort or contract case, is not merely to *compensate* the plaintiff for wrongs committed by the defendant but, as this court declared many years ago *(Dutton* v. *Willner,* 52 N. Y. 312, 319, *supra),* 'to *prevent* them, by removing from agents and trustees all inducement to attempt dealing for their own benefit in matters which they have undertaken for others, or to which their agency or trust relates.' " (Emphasis in original.)

Nor do we find the allegations of the fifth cause of action too conclusory to stand (CPLR 3016 [b]), particularly when it is noted that the claim rests upon Lerner's failure to disclose the true circumstances surrounding the legal retainer, and not upon any express representation. Any possible lack of detail in the complaint has been adequately supplemented by plaintiff's affidavits to which reference is proper on a motion to dismiss *(Ackerman v Vertical Club Corp.,* 94 AD2d 665, *appeal dismissed* 60 NY2d 644; *Rovello v Orofino Realty Co.,* 40 NY2d 633, 636). Also, unlike the first and fourth causes of action which are brought against Lerner only, the fifth cause of action is properly asserted against the Abrams firm also, which should not be prematurely dismissed from this action on the pleadings. At the very least, the Abrams firm benefited from its partner's alleged self-dealing by receiving one half of the contingency fee, and it was instrumental, through another partner, in arranging the fee-splitting terms by falsely representing it was the Coop's attorney of record.

We have examined the other contentions raised by the parties and find them to be without merit. Concur—Murphy, P. J., Carro, Kassal, Milonas and Wallach, JJ.