■ IRVING GINGOLD, Respondent, v PETER BEEKMAN et al., Defendants, and BENNETT KIELSON COMPANY et al., Appellants.—In an action to recover damages, *inter alia,* for fraud, the defendants Bennett Kielson Company, Harvey Bennett, and David B. Kielson appeal from so much of an order of the Supreme Court, Nassau County (Kutner, J.), entered June 14, 1990, as denied those branches of their motion which were to dismiss the complaint as time-barred pursuant to CPLR 203, 213, and 3211 (a) (5), and to dismiss the cause of action sounding in fraud pursuant to CPLR 3016 (b).

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants argue on appeal that the complaint failed to state a cause of action to recover damages for fraud. However, reviewing the complaint as a whole *(see, Home Reporter v Brooklyn Spectator,* 34 AD2d 956), including supporting affidavits *(see, Rotanelli v Madden,* 172 AD2d 815), taking all the allegations as true, and giving the benefit of every inference to the pleader *(see, Sanders v Winship,* 57 NY2d 391; *Green v Leibowitz,* 118 AD2d 756), we are satisfied that the complaint adequately states a cause of action to recover damages for fraud. Further, the complaint contains sufficient details to satisfy the requirement of CPLR 3016 (b) *(see, Lanzi v Brooks,* 43 NY2d 778).

In addition the record raises factual issues as to when the plaintiff discovered or should have discovered the alleged fraud *(see, Azoy v Fowler,* 57 AD2d 541; *Del Vecchio v Nassau County,* 118 AD2d 615). Therefore, the Supreme Court properly denied the motion insofar as it was to dismiss the complaint as time-barred. Bracken, J. P., Lawrence, Ritter and Copertino, JJ., concur.