**ZACKIVA COMMUNICATIONS CORP., Plaintiff,**

v.

**Corey M. HOROWITZ and Kenneth Horowitz, Defendants.**

**No. 92 Civ. 6149 (KC).**

United States District States, S.D. New York.

June 28, 1993.

Philip Frank, Fishbach Hertan & Reis, New York City, for plaintiff.

Thomas A. Holman, Marshall Beil, Lefrak Newman & Myerson, New York City; Nelson E. Roth, Barney Grossman Roth & Dubolo, Ithaca, NY, for defendants.

## OPINION AND ORDER

CONBOY, District Judge:

Plaintiff Zackiva Communications Corporation ("Zackiva") brought this action against defendants Corey M. Horowitz ("Corey") and Kenneth Horowitz ("Kenneth") alleging three separate claims: breach of fiduciary duty, fraudulent concealment, and constructive fraud. Upon this motion, the defendants have moved for summary judgment, or, in the alternative, for a dismissal of the complaint on various grounds. For the reasons set forth below, the defendants' motion is granted in part and denied in part.

### Background

Plaintiff and defendant Kenneth Horowitz were two of nine minority shareholders of Cellular Systems, Inc. (CSI), owning approximately seventeen percent of the stock (hereinafter the "minority shareholders"). *See* Second Amended Complaint (hereinafter the "Complaint"), para. 7 (Defendants' "Notice of Motion," Exhibit C). The minority shareholders of CSI eventually sold one half of their collective seventeen percent interest in CSI for $150,000,000 to Metromedia Company ("Metromedia") on or about August 9, 1990 ("CSI transaction"). Plaintiff's 3(G) Statement, March 4, 1993, at para. 1 (attached to Affidavit of Kenneth Iscol).

According to the Complaint, during the negotiations leading up to the CSI transaction, the minority shareholders (including plaintiff and Kenneth Horowitz) entered into an agreement to share confidential information, discuss the value of CSI stock, implement a common negotiating strategy to sell the minority shareholders' CSI stock, preserve the minority shareholders' confidences in dealing with Metromedia, and not use the information obtained to improperly further personal interests with Metromedia. *See Id.* at paras. 16–17. The Complaint alleges that the agreement was "implied in law and fact," and that all nine minority shareholders and their respective financial advisors became part of the agreement. *See Id.* at para. 17.

According to the Complaint, Kenneth Horowitz introduced his cousin Corey Horowitz to the other minority shareholders as his financial advisor in the CSI transaction. *See*

*Id.* at para. 21. The Complaint asserts that, thereafter, Corey Horowitz became financial advisor to other unidentified minority shareholders, and that in this capacity, Corey Horowitz attended meetings and had access to the confidential strategies and positions of plaintiff and the other minority shareholders in connection with the negotiations that led up to the CSI transaction. *See Id.* at paras. 23–26.

The Complaint alleges that while the minority shareholders were negotiating the CSI transaction with Metromedia, Kenneth Horowitz was negotiating with Metromedia with respect to compensation for Kenneth and Corey arising out of a different transaction (the "Ponderosa transaction"). *See Id.* at para. 28. It is this alleged "conflict of interest" which is the subject of the lawsuit. Plaintiff claims that the defendants had a duty to disclose fully and completely their alleged conflict of interest with Metromedia, that the defendants did not fulfill this duty, and that defendants used their confidential relationship with the minority shareholders, including the plaintiff, to exact a financial gain in their dealings with Metromedia on the Ponderosa transaction.

Plaintiff does not claim that it was damaged by the alleged wrongful conduct, but that the defendants' were unjustly enriched by the exploitation of the alleged confidential relationship between plaintiff and defendants. In this action, plaintiff seeks to disgorge the profit made by the defendants and claims that defendants' alleged wrongful conduct constitutes a breach of fiduciary duty, fraudulent concealment, and constructive fraud.

### Discussion

#### A. Sufficiency of Claim for Breach of Fiduciary Duty:

■ Defendants maintain that the plaintiff fails to state a claim for breach of fiduciary duty, because plaintiff does not allege that it suffered any damages as a result of defendants' alleged wrongful acts. We disagree. It is well established that to state a claim for breach of fiduciary duty, a plaintiff need not allege damages to itself. *Diamond v. Oreamuno,* 24 N.Y.2d 494, 301 N.Y.S.2d 78, 248

N.E.2d 910 (1969) ("... a corporate fiduciary, who is entrusted with potentially valuable information, may not appropriate that asset for his own use even though, in so doing, he causes no injury to the corporation." *Id.,* 301 N.Y.S.2d at 81, 248 N.E.2d at 912). *See also ABKCO Music, Inc. v. Harrisongs Music, Ltd.,* 722 F.2d 988 (2d Cir.1983) ("Appellant urges, in essence, that a finding of breach of fiduciary duty by an agent, to be actionable, must be found to have been the proximate cause of injury to the principal. We do not accept appellant's proffered causation standard. An action for breach of fiduciary duty is a prophylactic rule intended to remove all incentive to breach—not simply to compensate for damages in the event of a breach." *Id.* at 995). Accordingly, we reject defendants' argument that the claim for breach of fiduciary is deficient because it doesn't allege damages.

B.   Sufficiency of Fraud Claims:

■   Defendants maintain that the plaintiff fails to state a claim for fraudulent concealment and constructive fraud because: (1) defendants' alleged failure to disclose Ponderosa was not a "material" omission; (2) there was no reliance on defendants' purported failure to disclose Ponderosa to plaintiff's detriment or injury; (3) plaintiff's reliance was neither reasonable nor justifiable; and (4) the non-disclosure did not cause plaintiff injury or loss.

■   The elements of a claim for fraudulent concealment under New York law are extremely similar to the elements of a claim for constructive fraud. The elements of a cause of action for fraudulent concealment are: (1) a relationship between the parties that creates a duty to disclose; (2) knowledge of the material facts by the party bound to make such disclosures; (3) non-disclosure; (4) scienter; (5) reliance; and (6) damage. *DuPont v. Brady,* 646 F.Supp. 1067, 1075

(S.D.N.Y.1986), *rev'd on other grounds,* 828 F.2d 75 (2d Cir.1987); *Ally v. F.E.D. Concrete Company, et al.,* 1990 WL 1273, at 6 (S.D.N.Y.); *Hale House Center, Inc. v. F.D.I.C.,* 788 F.Supp. 1309, 1314 (S.D.N.Y. 1992); *Congress Financial Corp. v. John Morrell & Co.,* 790 F.Supp. 459, 472 (S.D.N.Y.1992); *Aeropulse, Inc. v. Armstrong & Brooks, Ltd.,* 740 F.Supp. 938, 941 (E.D.N.Y.1990); *Leasing Service Corp. v. Broetje,* 545 F.Supp. 362, 366 (S.D.N.Y.1982).

■   The elements of a cause of action for constructive fraud are: (1) a representation is made; (2) the representation deals with a material fact; (3) the representation is false; (4) the representation is made with the intent to make the other party rely upon it; (5) reliance by the other party; (6) damage; (7) the parties are in a fiduciary or confidential relationship. *Del Vecchio by Del Vecchio v. Nassau County,* 118 A.D.2d 615, 499 N.Y.S.2d 765, 768 (1986); *Northwestern Nat. Ins. Co. of Milwaukee, Wis. v. Alberts,* 717 F.Supp. 148, 156 (S.D.N.Y.1989), *citing Del Vecchio by Del Vecchio; Brown v. Lockwood,* 76 A.D.2d 721, 432 N.Y.S.2d 186, 193–94 (1980).[1] Thus, both fraudulent concealment and constructive fraud require a showing of damages as a result of the fraudulent conduct.

In this case, the plaintiff does not allege damages. *See* Complaint; "Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss or for Summary Judgment" ("Plaintiff's Memorandum"), March 4 1993 ("Zackiva has not alleged any actual damages suffered by it...." *Id.* at 7). As damages are an essential element of a claim for fraudulent concealment and constructive fraud, the plaintiff has failed to state a claim for either cause of action.

Plaintiff maintains that an allegation of damage is unnecessary where a claim for fraud is made in the context of a fiduciary

1.   In *Brown v. Lockwood,* the Court described the difference between a claim of fraud and a claim of constructive fraud:
"The elements of a cause of action to recover for constructive fraud are the same as those to recover for actual fraud with the crucial exception that the element of scienter upon the part of the defendant, his knowledge of the falsity of his representation, is dropped and is replaced by a requirement that the plaintiff prove the existence of a fiduciary or confidential relationship warranting the trusting party to repose his confidence in the defendant and therefore to relax the care and vigilance he would ordinarily exercise in the circumstances." 432 N.Y.S.2d at 193–94 (citations omitted).

relationship. Plaintiff's Memorandum, at 32–33. We disagree. As mentioned above, a cause of action for constructive fraud requires both a showing of damages and of a fiduciary or confidential relationship. *Del Vecchio by Del Vecchio v. Nassau County,* 499 N.Y.S.2d at 768. Clearly, the existence of a fiduciary relationship, a necessary element of the cause of action, does not negate the necessity of the damage element as part of a constructive fraud claim.

Nor does the Court agree with plaintiff's position that a claim of fraudulent concealment need not allege damages when made in the context of a fiduciary relationship. The greater weight of authority holds that damages are a required element of a claim of fraudulent concealment even where the claim is made in the context of a fiduciary relationship. *See DuPont v. Brady,* 646 F.Supp. 1067, 1075; *Ally v. F.E.D. Concrete,* 1990 WL 1273, at 6; *Aeropulse, Inc. v. Armstrong & Brooks, Ltd.,* 740 F.Supp. 938, 941.[2]

Having failed to allege damages to itself, the plaintiff has failed to state a claim upon which relief can be granted for either fraudulent concealment or constructive fraud. Accordingly, the Court will not address defendants' other arguments with respect to the deficiency of the fraud claims, and we dismiss the complaint as to the claims for fraudulent concealment and constructive fraud.

C. General Release of Kenneth Horowitz:

▇▇▇ Defendants maintain that summary judgment should be granted in favor of Ken-neth Horowitz on the ground that the general release signed by plaintiff unambiguously releases all the minority shareholders, including Kenneth Horowitz, from all claims asserted in this action. *See* Defendants' "Notice of Motion", Exhibit O. Summary judgment would be appropriate if defendants could establish that prior to the release they had fully disclosed to the plaintiff all material facts concerning their alleged "conflict of interest" with Metromedia. However, a general release will not insulate a defendant from allegations of breach of fiduciary duty, where defendants have not fully disclosed alleged wrongdoing or a conflict of interest. *See Birnbaum v. Birnbaum,* 117 A.D.2d 409, 503 N.Y.S.2d 451 (1986) ("In the case of releases, as in other instances of dealing between a fiduciary and the person for whom he is acting, there must be proof of full disclosure by the trustee of the facts of the situation and the legal rights of the beneficiary . . . ." *Id.,* 503 N.Y.S.2d at 456, *citing,* Bogart, *The Law of Trusts and Trustees* [Rev.2d ed. 1982], § 943, pp. 475–78); *Rockwood Computer Corporation v. Morris,* 94 F.R.D. 64 (E.D.N.Y.1982) (". . . under New York law it is clear that if the plaintiff had no knowledge of the defendant's fraud when it entered into the release, the existence of the release would not insulate the defendant from liability on the plaintiff's claim for breach of fiduciary duty." *Id.* at 68); *Auld v. Estridge,* 86 Misc.2d 895, 382 N.Y.S.2d 897 (1976) ("The release is invalid, then, to the extent that it purports to insulate Estridge from liability for breach of fiduciary duty." *Id.* at 906);

**2.** Plaintiff cites *Excelsior 57th Corp. v. Lerner,* 160 A.D.2d 407, 553 N.Y.S.2d 763 (1990), for the proposition that a cause of action for fraudulent concealment need not allege damages if made in the context of a fiduciary relationship. Plaintiff's Memorandum, at 33. The *Excelsior* case does indeed seem to support plaintiff's position. In *Excelsior,* the Court sustained a cause of action for fraudulent concealment against a law firm and one of its partners, where the partner sat on the Board of a cooperative apartment corporation ("Coop"), and failed to disclose to the Coop that his firm was receiving a portion of the fee to be paid to another law firm that the partner had referred to the Coop. *Id.,* 553 N.Y.2d at 764. The Court sustained the cause of action despite the fact that the plaintiff did not allege damages.

We observe that the only case cited by the *Excelsior* Court to support the proposition that a claim of fraudulent concealment need not allege damages was *Diamond v. Oreamuno,* 301 N.Y.S.2d 78 (1969). The *Diamond* case did not involve a claim of constructive fraud, and the Court's decision in that case only pertains to a claim of breach of fiduciary duty ("It is true that the complaint before us does not contain any allegation of damages to the corporation but this has never been considered to be an essential requirement for a cause of action founded on a breach of fiduciary duty." *Id.* 301 N.Y.S.2d at 81).

Under the circumstances, we decline to follow the *Excelsior* decision, and instead will dismiss the fraudulent concealment cause of action in accordance with the greater weight of authority in this jurisdiction.

*Murphy v. Gutfreund,* 583 F.Supp. 957 (S.D.N.Y.1984) ("... New York law does not sanction use of releases in order to avoid a breach of fiduciary duty cause of action." *Id.* at 971).

In this case, whether or not defendants fully disclosed their alleged conflict of interest is a question of fact. Drawing all reasonable inferences in favor of the non-moving party, as the Court must do on a motion for summary judgment (*See Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987)), we are not prepared to rule that disclosure by the defendants was adequate and full. Accordingly, the Court denies defendants' motion to grant summary judgment for Kenneth Horowitz on the basis of the general release signed by plaintiff.[3]

### D. Defendants' Duty to Disclose:

■ Defendants argue that even assuming they were in a fiduciary relationship with plaintiff and that they had a duty to disclose their alleged conflict of interest with Metromedia, plaintiff's breach of fiduciary duty claim still fails because defendants fully complied with their disclosure duty. Defendants further maintain that their alleged duty to disclose did not extend to the Ponderosa transaction because Ponderosa was an "unrelated business transaction." "Memorandum in Support' of Defendants' Motion to Dismiss or for Summary Judgment" ("Defendants' Memorandum"), Dec. 23, 1992, at 32. Viewing the evidence in a light most favorable to the non-moving party, the plaintiff, we are not convinced that defendants have conclusively established the fulfillment of their duty to disclose.[4] Nor is the Court satisfied that the defendants' duty to disclose did not extend to the Ponderosa transaction. The issue is not whether the Ponderosa and CSI transactions were connected, but whether the defendants used their alleged conflict of interest with Metromedia in the CSI transaction to exact a financial gain for themselves in the Ponderosa transaction. Accordingly, we find that whether the defendants fully complied with their disclosure duty and whether the defendants had a specific duty to disclose the Ponderosa transaction in connection with their alleged fiduciary or confidential relationship with the plaintiff are triable issues of fact.

### E. Relationship of Plaintiff and Corey Horowitz:

■ Defendants maintain that summary judgment dismissing the complaint as to defendant Corey Horowitz should be granted because plaintiff's allegation that there was a

---

**3.** Defendants cite *Wells v. Shearson Lehman/American Exp., Inc.,* 72 N.Y.2d 11, 530 N.Y.S.2d 517, 526 N.E.2d 8 (1988), in support of its motion. *See* Defendants' Memorandum, at 31. We believe *Wells* is distinguishable from this case. In *Wells,* the Court held that a release discharging named persons, their "agents ... representatives ... or anyone else" for any claims connected to or arising out of a buy out, did not have to specifically designate financial advisors of the persons specifically named in order to cover them. 530 N.Y.S.2d at 518, 526 N.E.2d at 9. In contrast to this case, *Wells* did not involve an allegation of breach of fiduciary duty, which in our case, if proven, will invalidate the provisions of the release.

Defendants also refer to a State Court action, in which Judge Peter Tom, upheld the validity of an identical release in favor of Kenneth Horowitz. *See Horowitz v. Alvis, et al.* (Tom, J., May 15, 1991), Defendants' "Notice of Motion," Exhibit I. In the State Court action, the Court specifically found that the defendant, MRN, received written notice of the plaintiff's claim. In our case, in contrast, there is a question whether the defendants fully disclosed material facts.

This question poses a challenge to the validity of the release that was not present in the State Court action. Accordingly, the State Court action is not relevant for the purposes of the breach of fiduciary claim in this federal action.

**4.** We do observe, though, that the defendants have provided evidence that at the very least renders problematic plaintiff's allegations of non-disclosure. For example, defendants have provided affidavits from all of the other living minority shareholders in the CSI transaction, as well as David J. Bershad, the lawyer for several of the shareholders (including the plaintiff and Kenneth Horowitz), which suggest that defendants may well have fulfilled their duty to disclose the alleged conflict of interest. *See* "Reply Affidavits Submitted by the Defendants Corey M. Horowitz and Kenneth A. Horowitz"; "Reply Memorandum of Law in Support of Defendants' Motion to Dismiss or for Summary Judgment," May 12, 1993, at 19. However, viewing the evidence in a light most favorable to the plaintiff, we find that a triable issue of fact exists as to whether defendants fully complied with their disclosure duty.

92

"confidential, agency or fiduciary relationship" between plaintiff and Corey Horowitz (Complaint, para. 27) is inconsistent with plaintiff's prior sworn testimony. Defendants' Memorandum, at 36. While the Court believes that some of the testimony from the Kenneth Iscol deposition (Defendants' "Notice of Motion," Exhibit G), as cited in the defendants' briefs, calls into question whether or not a fiduciary relationship existed between the plaintiff and Corey Horowitz, we do not believe that it establishes the absence of such a relationship. Viewing the evidence in a light most favorable to the plaintiff, we find that there exists a triable issue of fact as to the nature of the relationship between plaintiff and Corey Horowitz.

### Conclusion

Not having alleged damages to itself, plaintiff has failed to state a claim upon which relief can be granted for either fraudulent concealment or constructive fraud. Accordingly, we grant defendants' motion to dismiss the complaint with respect to these two causes of action. As plaintiff has already had two opportunities to amend its complaint, we will not allow the plaintiff a third opportunity to redraft its allegations, and we therefore dismiss the fraudulent concealment and constructive fraud claims with prejudice. *See Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Maryland,* 1992 WL 75123, at 8 (S.D.N.Y.1992).

The plaintiff does state a claim upon which relief can be granted for breach of fiduciary duty. Viewing the breach of fiduciary duty cause of action in a light most favorable to plaintiff, the Court finds that triable issues of fact exist as to the merits of the claim. Accordingly, we deny defendants' motion to dismiss or, in the alternative, for summary judgment with respect to the breach of fiduciary claim.

We observe, however, that the plaintiff's allegations with respect to the details of defendants' alleged breach of their fiduciary duty are vague and unspecific. Plaintiff no where states what "confidential" information defendants provided to Metromedia; nor does plaintiff provide the Court with a description of the benefits defendants derived from their alleged wrongful conduct. Accordingly, if after discovery plaintiff cannot specify its allegations with respect to what confidential information was released by defendants and what benefits defendants gained from the alleged breach of fiduciary duty, defendants may renew their motion for summary judgment with respect to the cause of action for breach of fiduciary duty.

SO ORDERED.