■ STATEN ISLAND EMERGENCY PHYSICIANS, P.C., Respondent, v STATEN ISLAND UNIVERSITY HOSPITAL, Appellant. [784 NYS2d 596]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Richmond County (Giacobbe, J.), dated January 9, 2004, as denied that branch of its motion which was to dismiss the plaintiff's first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant entered into an agreement pursuant to which the defendant, inter alia, agreed to submit bills to, and collect payments from, certain third parties in connection with services performed by the plaintiff. The agreement stated that the amounts so collected would be remitted to the plaintiff, and the defendant agreed to make reasonably available to the plaintiff, upon request, its books and records for the purpose of ascertaining the defendant's compliance with the terms of the agreement. The complaint alleges that the defendant failed to remit to the plaintiff approximately $3.3 million in payments collected from third parties, and refused to apprise the plaintiff of the precise amounts so collected on its behalf.

A pleading attacked for insufficiency must be accorded a liberal construction, and "if it states, in some recognizable form, any cause of action known to our law," it cannot be dismissed (*Clevenger v Baker Voorhis & Co.,* 8 NY2d 187, 188 [1960]; *see Conroy v Cadillac Fairview Shopping Ctr. Props. [Md.],* 143 AD2d 726 [1988]; *Home Reporter v Brooklyn Spectator,* 34 AD2d 956 [1970]).

Taking the above allegations as true (*see Gingold v Beekman,* 183 AD2d 870 [1992]), and according the plaintiff "the benefit of every possible favorable inference" (*Leon v Martinez,* 84 NY2d 83, 87-88 [1994]), we agree with the Supreme Court that the complaint alleges a viable breach of contract claim. Specifically, in light of the fiduciary nature of the obligations at issue, the defendant's reliance on the common-law defense of accord and satisfaction is misplaced (*see Hudson v Yonkers Fruit Co.,* 258 NY 168 [1932]). Moreover, contrary to the defendant's contention, the documentary evidence in the record was insufficient to establish, as a matter of law, that the plaintiff expressly released the defendant from its obligation to account for and remit to it the sums collected from third parties (*see Auld v Estridge,* 86 Misc 2d 895, 908-909 [1976], *affd* 58 AD2d 636 [1977]; *see also Matter of Birnbaum v Birnbaum,* 117 AD2d 409, 416 [1986]; *Zackiva Communications Corp. v Horowitz,* 826 F Supp 86, 90-91 [1993]).

The defendant's remaining contentions are without merit. S. Miller, J.P., Schmidt, Mastro and Fisher, JJ., concur.