■ LOUIS RINALDI, Appellant, v VALERIA CASALE et al., Respondents. [788 NYS2d 137]—

In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Dolan, J.), dated July 17, 2003, which, among other things, granted the motion of the defendants Valeria Casale, M. George Casale, also known as George Casale, Claudia Casale, also known as Claudia Casale-Mast, and Casale Family, LP, also known as Claudia George Family Limited Partnership, and the nominal defendant Country Estates, Inc., to dismiss the amended complaint, inter alia, pursuant to CPLR 3211 (a) (5) and (7) insofar as asserted against them and to cancel the notice of pendency filed on December 4, 2002, (2) a judgment of the same court entered July 26, 2003, which, upon the order, dismissed the amended

complaint, and (3) an order of the same court (Sproat, J.), dated July 31, 2003, which, upon the defendants' motion, directed the Dutchess County Clerk to cancel the notice of pendency filed on November 22, 2002.

Ordered that the appeal from the order dated July 17, 2003, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and the order dated July 17, 2003, is modified accordingly; and it is further,

Ordered that the order dated July 31, 2003, is reversed, on the law; and it is further,

Ordered that the Dutchess County Clerk is directed to reinstate the notices of pendency filed on November 22, 2002, and December 4, 2002; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order dated July 17, 2003, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff alleged that, in or about January 2001, he and August Casale (hereinafter the decedent) entered into an oral agreement to purchase and develop real estate together. In August 2001, the plaintiff located property for sale in the Town of Beekman (hereinafter the property). In September 2001, pursuant to the oral agreement, the property was purchased by the defendant Park Hill Estates, Inc. (hereinafter Park Hill), which was then wholly-owned by the decedent. The plaintiff retained an engineer to begin developing the property, and, jointly with the decedent, filed a subdivision plan with the Town proposing to subdivide the property into 34 separate lots. On or about April 29, 2002, the plaintiff and the decedent formed the nominal defendant, Country Estates, Inc. (hereinafter Country Estates), with the intent of transferring the property to it. However, before the property was transferred, the decedent died and the defendant Valeria Casale, as the decedent's executrix, subsequently caused Park Hill to convey the property to her. The plaintiff commenced this action, inter alia, to recover damages for breach of contract and breach of fiduciary duty.

A pleading attacked for insufficiency must be accorded a liberal construction, and "if it states, in some recognizable form, any cause of action known to our law," it cannot be dismissed

(*Clevenger v Baker Voorhis & Co.*, 8 NY2d 187, 188 [1960]; *see also Conroy v Cadillac Fairview Shopping Ctr. Props. [Md.]*, 143 AD2d 726 [1988]; *Home Reporter v Brooklyn Spectator*, 34 AD2d 956 [1970]). The facts stated in the complaint must be taken as true (*see Gingold v Beekman*, 183 AD2d 870 [1992]), and the plaintiff must be accorded "the benefit of every possible favorable inference" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *see also Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Applying these principles, we conclude that the Supreme Court erred in dismissing the amended complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

The defendants' contention that the plaintiff and the decedent could not legally have carried on a joint venture or a partnership through a corporate vehicle such as Country Estates, Inc. (*see e.g. Weiner v Hoffinger Friedland Dobrish & Stern*, 298 AD2d 453 [2002]), did not warrant dismissal of the amended complaint, since it does not negate the possibility that a valid partnership or joint venture was created in which the corporate entity, Country Estates, Inc., was a mere conduit to hold title to the underlying property (*see Macklem v Marine Park Homes*, 17 Misc 2d 439 [1955], *affd* 8 AD2d 824 [1959], *affd* 8 NY2d 1076 [1960]).

The defendants' further contention that the action was properly dismissed pursuant to CPLR 3211 (a) (5), since the alleged oral agreement between the plaintiff and the decedent violated the statute of frauds (*see* General Obligations Law § 5-703) is without merit. The amended complaint sufficiently alleges facts which, if proven, would remove the alleged oral agreement from the operation of the statute of frauds (*see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229 [1999]; *Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983]; *EDP Hosp. Computer Sys. v Bronx-Lebanon Hosp. Ctr.*, 212 AD2d 569 [1995]).

The parties' remaining contentions are without merit. Prudenti, P.J., Ritter, Fisher and Lifson, JJ., concur.