■ CALABRESE BAKERIES, INC., Individually and in the Name of and for the Benefit of B.M. BAKING COMPANY, INC., et al., Appellants-Respondents, v ROCKLAND BAKERY, INC., et al., Respondents-Appellants. [960 NYS2d 514]—

Egan Jr., J. Cross appeals from an order of the Supreme Court (Kramer, J.), entered October 3, 2011 in Schenectady County, which, among other things, partially granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff Joseph A. Melino is the president of plaintiff Calabrese Bakeries, Inc., a wholesale and retail bakery distributor. Calabrese began as a small retail operation in Rensselaer County that sold baked goods provided by defendant Rockland Bakery, Inc. In June 2002, Melino and Rockland's president, defendant Ignazio "Salvatore" Battaglia, entered into a contract, pursuant to the terms of which the parties agreed to form a new corporation, plaintiff B.M. Baking Company, Inc., which would be headquartered on Fuller Road in Albany County. Although poorly drafted, it appears from the contract that Melino and Battaglia envisioned that B.M. Baking would act as the exclusive wholesale and retail distributor of Rockland's baked goods within a defined geographic area. Upon payment of the buy-in fee by Rockland, Calabrese and Rockland each would have a 50% ownership interest in the corporation.[1]

Approximately six months after the execution of this agree-

---

1. The contract provided that Calabrese and B.M. Baking would accept "product for payment" until the agreed-upon sum ($175,000) was paid in full.

ment, Melino was incarcerated on unrelated charges, and defendant Clark J. Seeley apparently stepped in to manage B.M. Baking's operations.[2] Shortly thereafter, according to Melino, Seeley set up various corporate entities, including defendant WTF Bakery, Inc. and defendant Portside Distributors, Inc., appropriated moneys and assets otherwise belonging to Calabrese and/or B.M. Baking[3] and, in conjunction therewith, effectively terminated the business relationship forged by Calabrese and Rockland. In early 2004, Rockland petitioned for judicial dissolution of B.M. Baking pursuant to Business Corporation Law § 1104 and, when B.M. Baking failed to appear or answer, the petition was granted. Subsequent efforts to suspend or annul the dissolution proved unsuccessful (see *Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080 [2d Dept 2011]; *Matter of Calabrese Bakeries, Inc. v Rockland Bakery, Inc.*, 83 AD3d 1060 [2d Dept 2011]).

After Melino's release from prison, plaintiffs commenced this action setting forth 14 causes of action[4] sounding in, among other things, fraudulent inducement, breach of contract, breach of fiduciary duty and prima facie tort. Following joinder of issue and discovery, Battaglia, Rockland and defendant Rockland Bakery NY, Inc. (hereinafter collectively referred to as the Rockland defendants) moved for summary judgment dismissing the complaint, and Seeley, WTF and Portside, together with defendants C&C Specialties, Inc. and Joslen Developers, LLC., separately moved for similar relief. Plaintiffs opposed the respective motions contending, among other things, that they should be held in abeyance pending further discovery and the Second Department's resolution of the then-pending appeals regarding the judicial dissolution. Supreme Court denied defendants' motions as to the first, second and third causes of action alleging fraudulent inducement, breach of contract and conversion, but granted the motions as to the balance of the complaint, concluding that the remaining claims were either meritless or duplicative. Additionally, Supreme Court held that plaintiffs' claims for damages would be limited to those incurred prior to

---

**2.** The parties have widely divergent accounts as to Battaglia's awareness of Melino's legal troubles prior to the execution of their agreement and/or the circumstances under which Seeley assumed his management responsibilities.

**3.** According to Melino, Rockland had not paid the buy-in fee at this point; therefore, to Melino's analysis, Calabrese retained a 100% interest in B.M. Baking.

**4.** Two of the causes of action are each mistakenly denominated as the tenth cause of action.

the dissolution of B.M. Baking in March 2004. These cross appeals ensued.[5]

Initially, to the extent that plaintiffs take issue with Supreme Court's resolution of their January 2008 motion to compel discovery, we note that plaintiffs, by their own admission, did not perfect their appeal from Supreme Court's resulting order. Additionally, "an appeal from . . . an intermediate order [such as the one at issue here] does not bring up for review prior nonfinal orders" (*Abasciano v Dandrea*, 83 AD3d 1542, 1543 [2011], citing *Baker v Shepard*, 276 AD2d 873, 874 [2000]). Accordingly, plaintiffs' argument on this point is not properly before us.

Plaintiffs' related claim—that Supreme Court erred in failing to hold defendants' motions for summary judgment in abeyance pending further discovery—is without merit. While it is true that a motion for summary judgment may be "denied as premature when the nonmoving party has not been given reasonable time and opportunity to conduct disclosure relative to pertinent evidence that is within the exclusive knowledge of the movant or a codefendant" (*Metichecchia v Palmeri*, 23 AD3d 894, 895 [2005]), plaintiffs had ample time and opportunity to do so here (*see Judd v Vilardo*, 57 AD3d 1127, 1131 [2008]). Moreover, "a trial court has broad discretionary power in controlling discovery and disclosure, and only a clear abuse of discretion will prompt appellate action" (*Premo v Rosa*, 93 AD3d 919, 920 [2012] [internal quotation marks and citations omitted]). We discern no abuse of that discretion in this matter.

Nor can we say that Supreme Court erred in concluding that plaintiffs' damages, if any, must be limited to those incurred prior to the March 19, 2004 judicial dissolution of B.M. Baking.[6] Contrary to plaintiffs' assertions, the underlying contract does not evidence the parties' intent to create a joint venture between Calabrese and Rockland "in which the corporate entity, [i.e., B.M. Baking], was a mere conduit" for the distribution of goods (*Rinaldi v Casale*, 13 AD3d 603, 605 [2004]), nor does it demonstrate that Calabrese and Rockland retained certain rights that were "independent of and extrinsic to the corporate entity" formed thereunder (*Sagamore Corp. v Diamond W.*

---

5. Plaintiffs' subsequent motion for a stay pending appeal was denied by this Court.

6. A corporation's legal existence terminates upon dissolution and, as such, it "is prohibited from carrying on new business and does not enjoy the right to bring suit in the courts of this state, except in the limited respects specifically permitted by statute" (*Moran Enters., Inc. v Hurst*, 66 AD3d 972, 975 [2009] [citation omitted]; *see* Business Corporation Law §§ 1005, 1006).

*Energy Corp.*, 806 F2d 373, 379 [1986] [internal quotation marks and citation omitted]). As such, this matter falls within the general rule that where the parties chart a course "to conduct business through a corporation, . . . they are not at one and the same time joint venturers and stockholders, fiduciaries and nonfiduciaries, personally liable and not personally liable" (*Weisman v Awnair Corp. of Am.*, 3 NY2d 444, 449 [1957]; *accord D'Orazio v Mainetti*, 24 AD3d 915, 917 [2005]; *see generally Lombard & Co., Inc. v De La Roche*, 46 AD3d 393, 393-394 [2007], *lv dismissed* 11 NY3d 782 [2008]; *compare Sagamore Corp. v Diamond W. Energy Corp.*, 806 F2d at 379). Accordingly, the limitation imposed by Supreme Court will not be disturbed.

We now turn to the specific causes of action set forth in plaintiffs' complaint. The first cause of action sounds in fraudulent inducement and essentially is based upon a misrepresentation allegedly made by Battaglia and/or Rockland "that certain corporate, institutional and government[al] entities . . . would become customers of [B.M. Baking]." While it is true that "a misrepresentation premised directly on the same actions giving rise to a breach of contract does not give rise to a separate cause of action for fraud" (*Kosowsky v Willard Mtn., Inc.*, 90 AD3d 1127, 1129 [2011]), we are satisfied that the conduct alleged in plaintiffs' first cause of action "is sufficiently discrete from that underlying [plaintiffs'] breach of contract claim to state a separate cause of action" (*id.* at 1129). More to the point, in view of the conflicting proof contained in the voluminous record before us, including Melino's examination before trial testimony and Battaglia's affidavits, we agree with Supreme Court that questions of fact preclude an award of summary judgment as to this cause of action.

With respect to plaintiffs' second cause of action, wherein plaintiffs allege that Battaglia and/or Rockland breached the underlying contract by violating the exclusive distribution clause contained therein and charging B.M. Baking "more than the lowest wholesale price charged to other wholesale customers," the Rockland defendants argue only that Supreme Court should have dismissed this claim due to plaintiffs' inability to prove damages. We disagree. In light of Melino's incarceration, which necessarily limited his knowledge of B.M. Baking's daily operations and his access to relevant corporate records, as well as the limited business records (invoices, receipts, tax returns, etc.) apparently still remaining, plaintiffs indeed may have a difficult time proving the damages alleged. However, Supreme Court correctly concluded that—in view of the conflicting

documentary evidence and the credibility issues raised by Melino and Battaglia's disparate accounts of what actually transpired here—resolution of this particular cause of action must await a trial.

We reach a similar conclusion regarding plaintiffs' third cause of action alleging, among other things, that Seeley and the Rockland defendants converted and misappropriated "assets, funds, customer accounts and business opportunit[ies]" otherwise properly belonging to plaintiffs (*see generally Salatino v Salatino*, 64 AD3d 923, 925 [2009], *lv denied* 13 NY3d 710 [2009] [elements of conversion]). Again, while plaintiffs indeed may find it difficult to specifically identify, trace and document the property allegedly appropriated, the confusing and conflicting proof in the record precludes an award of summary judgment as to this cause of action.

Plaintiffs' remaining claims—with one exception—do not warrant extended discussion. Plaintiffs' fourth cause of action is either a rehash of the previously stated conversion claim or an attempt to collaterally attack the long-resolved judicial dissolution of B.M. Baking, and plaintiffs' fifth cause of action seeking an accounting, together with their sixth cause of action (fraudulent representation), eighth cause of action (conversion), tenth causes of action (violation of Business Corporation Law § 720 and breach of fiduciary duty) and eleventh cause of action (breach of contract) are, as Supreme Court appropriately concluded, duplicative of other causes of action contained in the complaint. Plaintiffs also failed to allege—much less demonstrate—the elements necessary to either impose a constructive trust (ninth cause of action) (*see generally Enzien v Enzien*, 96 AD3d 1136, 1137 [2012]) or maintain a cause of action for prima facie tort (twelfth cause of action) (*see generally Cusimano v United Health Servs. Hosps., Inc.*, 91 AD3d 1149, 1152-1153 [2012], *lv denied* 19 NY3d 801 [2012]). Notably, as to this latter cause of action, plaintiffs failed to allege or establish that defendants' sole motivation for the offending conduct was malevolence (*see White v Ivy*, 63 AD3d 1236, 1239 [2009]). Finally, plaintiffs' claim for punitive damages (thirteenth cause of action), which cannot be maintained as an independent cause of action (*see Brandle Meadows, LLC v Bette*, 84 AD3d 1579, 1579 n [2011]), must fail. "Punitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights" (*Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994] [citation omitted]).

We do, however, find merit to plaintiffs' claim that Supreme

Court erred in granting summary judgment dismissing their seventh cause of action for breach of fiduciary duty.[7] The case law makes clear that "officers and directors of a corporation stand in a fiduciary relationship to the corporation and owe their undivided and unqualified loyalty to the corporation" (*Howard v Carr*, 222 AD2d 843, 845 [1995]; *accord Busino v Meachem*, 270 AD2d 606, 609 [2000]; *Blank v Blank*, 256 AD2d 688, 694-695 [1998]). Hence, officers and directors are not "permitted to profit personally at the expense of the corporation[, and] . . . conduct that cripples or injures the corporation is impermissible" (*Howard v Carr*, 222 AD2d at 845 [citation omitted]). Similarly, "an employee is prohibited from acting in any manner inconsistent with his or her employment and must exercise good faith and loyalty in performing his or her duties, and may not use his or her principal's time, facilities or proprietary secrets to build [a] competing business" (*Mega Group v Halton*, 290 AD2d 673, 675 [2002] [internal quotation marks and citations omitted]).

Although Battaglia averred that he "did not appear for any meeting wherein directors or officers [of B.M. Baking] were elected" and Seeley, in turn, asserted that he was not an employee of either Calabrese or B.M. Baking, the documentary evidence tendered by plaintiffs—including corporate resolutions/minutes naming Battaglia as a director and vice- president of B.M. Baking and two documents wherein Seeley identified himself as the manager of "Calabrese Rockland Baker[y]"—was sufficient to raise a question of fact on this point. Accordingly, Supreme Court's order must be modified to the extent of denying defendants' motions for summary judgment dismissing plaintiffs' seventh cause of action, thereby permitting plaintiffs to go forward with respect to their breach of fiduciary duty claim against Battaglia and Seeley. The parties' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motions for summary judgment dismissing the seventh cause of action; motions denied to that extent; and, as so modified, affirmed.

---

7. The complaint, to our reading, alleges that both Battaglia and Seeley breached their fiduciary duty to B.M. Baking. Hence, to the extent that Supreme Court's decision and resulting order suggest that this claim was brought against Battaglia alone, we disagree.