City Bank Farmers Trust Company, as Trustee, Appellant, *v.* Abraham A. Silberberg, Respondent.

Argued February 27, 1939; decided May 23, 1939.

*Albert C. Bickford* and *Horace J. McAfee* for appellant. The judgment of the Municipal Court determining the allowability of a setoff in an action brought by the title company in its individual capacity is not *res judicata.* The point actually determined in the Municipal Court is different from the question presented for decision in the present case. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Morris* v. *Windsor Trust Co.,* 213 N. Y. 27; *Beecher* v. *Vogt Mfg. Co.,* 227 N. Y. 468; *Pink* v. *Title Guarantee & Trust Co.,* 274 N. Y. 167; *Karameros* v. *Luther,* 279 N. Y. 87; *Fromm* v. *Glueck,* 161 Misc. Rep. 502.) The identity of parties or privies requisite to a successful plea of *res judicata* is lacking. (*Rathbone* v. *Hooney,* 58 N. Y. 463; *Leonard* v. *Pierce,* 182 N. Y. 431; *Hellstern* v. *Hellstern,* 279 N. Y. 327.) The mutuality of debt and credit essential to the allowance of a setoff is lacking. The rent due from the defendant is owing to the title company and its successors in their capacity as trustee or agent for Series N-67 certificate holders, whereas the

claim sought to be offset is owing from the title company in its personal or individual capacity as guarantor of payment of Series C-2 certificates. (*Morris* v. *Windsor Trust Co.*, 213 N. Y. 27; *Beecher* v. *Vogt Mfg. Co.*, 227 N. Y. 468; *Pink* v. *Title Guarantee & Trust Co.*, 274 N. Y. 167; *Dakin* v. *Bayly*, 290 U. S. 143; *Matter of Chinese Merchants Bank, Ltd.*, 151 Misc. Rep. 425; *Matter of People* [*Lawyers Title & Guaranty Co.*], 265 N. Y. 20; *Matter of People* [*New York Title & Mortgage Co.*], 265 N. Y. 30; *Woman's Hospital* v. *Sixty-seventh Street Realty Co.*, 265 N. Y. 226; *Matter of Westover, Inc.*, 82 Fed. Rep. [2d] 177; *Matter of Bond & Mortgage Guarantee Co.*, 157 Misc. Rep. 240; *Matter of Lawyers Title & Guaranty Co.*, 157 Misc. Rep. 516; *Matter of New York Title & Mortgage Co.*, 160 Misc. Rep. 67; 251 App. Div. 415; 277 N. Y. 66; *People* v. *American Surety Co.*, 241 App. Div. 199; 266 N. Y. 585; *Walker* v. *Mann*, 142 Misc. Rep. 288.)

*A. A. Silberberg* and *Norman Handel* for respondent. The right to offset interest owing by the title company on mortgage certificates held by the respondent against the rent which appellant claims was duly and conclusively adjudicated in the respondent's favor, and that adjudication precludes recovery by appellant. (*New York Title & Mortgage Co.* v. *Irving Trust Co.*, 241 App. Div. 246; *Dawley* v. *Brown*, 79 N. Y. 390; *Erie R. R. Co.* v. *International Ry. Co.*, 209 App. Div. 380; 239 N. Y. 598; *City of New York* v. *N. Y. City Ry. Co.*, 193 N. Y. 543; *Lorillard* v. *Clyde*, 122 N. Y. 41; *Pray* v. *Hegeman*, 98 N. Y. 351; *Hirschbach* v. *Ketchum*, 84 App. Div. 258; *Schuykill Fuel Corp.* v. *Nieburg Realty Corp.*, 250 N. Y. 304; *Burdick* v. *Cameron*, 10 App. Div. 589; *Zerega* v. *Will*, 34 App. Div. 488; *Williams* v. *Barkley*, 165 N. Y. 48; *McGean* v. *M. E. R. Co.*, 133 N. Y. 9; *Corcoran* v. *Chesapeake, etc., Canal Co.*, 94 U. S. 741; *165 Broadway Realty Corp.* v. *Weber & Heilbroner, Inc.*, 143 Misc. Rep. 672; 238 App. Div. 837; *Seibert* v. *Dunn*, 216 N. Y. 237; *Grossi* v. *Rialto Security Corp.*, 273 N. Y. 403.) Mutual debits and credits existed between the title company in rehabilitation and the respondent with the credits due

the respondent in excess of the title company's claims. (*Matter of People* [*Title & Mortgage Guar. Co.*], 264 N. Y. 69; *Prudential Ins. Co.* v. *Liberbar Holding Corp.*, 72 Fed. Rep. [2d] 395; *New York Title & Mortgage Co.* v. *Irving Trust Co.*, 241 App. Div. 246; 268 N. Y. 547, 709; *Van Schaick* v. *Penn. Exchange Bank*, 236 App. Div. 453; *Van Schaick* v. *Astor*, 154 Misc. Rep. 543; 246 App. Div. 716; 270 N. Y. 677; *N. Y. T. & M. Co.* v. *Friedman*, 153 Misc. Rep. 697.)

LOUGHRAN, J.   The action is one for rent and the question one of *res judicata.*

New York Title and Mortgage Company issued and guaranteed payment of certificates of participation (designated " Series N-67 ") in a single mortgage on 1160 Park Avenue, city of New York.   The owner of the mortgaged premises let an apartment therein to the defendant for a three-year term, October 1, 1932, to September 30, 1935. In August, 1933, the Superintendent of Insurance was made rehabilitator of the title company by an order of the Supreme Court, entered in accordance with article XI of the Insurance Law (Cons. Laws, ch. 28).   Thereupon all leases on 1160 Park Avenue were formally transferred to the rehabilitator together with an assignment of rents theretofore made by the owner-mortgagor to a wholly owned subsidiary of the title company.

On August 28, 1934, " New York Title and Mortgage Company, in rehabilitation, by Edward McLoughlin, Special Deputy Superintendent of Insurance," as petitioner, commenced in the Municipal Court of the City of New York a summary proceeding to remove the present defendant as tenant of the apartment let to him in 1160 Park Avenue. The petition demanded also a personal judgment for rent then unpaid.   In his answer to that petition this defendant there pleaded by way of setoff and counterclaim sums of interest in default upon group mortgage participation certificates (designated " Series C-2 ") that had been issued to him and guaranteed by New York Title and Mortgage Company.   Those " Series C-2 " certificates had no relation

to the " Series N-67 " certificates of participation in the mortgage on 1160 Park Avenue. The setoff so pleaded was allowed in that summary proceeding by a final order which stands unreversed.

In May, 1935, the State Mortgage Commission was created by chapter 19 of the Laws of 1935. In the exercise of its function as defined by section 6 of the statute the Commission took over legal title to all mortgages in respect of which participation certificates had been issued or guaranteed by the title company, including the mortgage on 1160 Park Avenue. The present plaintiff bank is trustee for the benefit of the holders of certificates of participation in that mortgage (" Series N-67 "), under a plan of reorganization approved by the Supreme Court pursuant to article VII of the statute.

In its character as such trustee the plaintiff brought this present action to recover from the defendant rent for the same apartment in 1160 Park Avenue which had accrued for the period from September 1, 1934, to September 30, 1935. The courts below have held that the right of the defendant to set off against the rent now sued for the interest still unpaid to him upon his " Series C-2 " certificates was a right that had been adjudicated in the summary proceeding litigated in the Municipal Court in August, 1934. Judgment in favor of the defendant followed. We think this was error.

The Municipal Court was of opinion that the title company was the beneficial owner of the mortgage on 1160 Park Avenue and that the holders of the " Series N-67 " certificates had no more than a lien upon that mortgage plus the title company's undertaking to make good any deficiency. In that view the title company had instituted the summary proceeding solely in its own right or interest and the conclusion followed (as the Municipal Court ruled) that the defendant could set off against the company's claim as landlord any claim which the defendant had against the company in its individual corporate person. This view of the status of the title company in the summary proceed-

ing was a misconception. The Municipal Court mistakenly applied the reasoning of *Matter of People (Title and Mortgage Guaranty Co.)* (264 N. Y. 69). This court there analyzed the interests of holders of certificates of participation in a group of mortgages. The mortgage on 1160 Park Avenue was a single mortgage. Each holder of a certificate in " Series N-67 " had a *pro rata* beneficial interest in that mortgage and the title company, as landlord in the summary proceeding, was in court as trustee for those certificate holders or not at all. But the question here is not whether the summary proceeding was correctly decided by the Municipal Court.

The question here is whether that decision adjudicated the right of the defendant to set off against the rent sued for by the present plaintiff as trustee an indebtedness which the title company by its so-called guaranty of the " Series C-2 " certificates undertook in its individual corporate person to pay to the defendant.

It is true that this action coincides with the earlier summary proceeding in several aspects. In both recovery of rent for the same premises was sought from the same tenant under the same lease. The present plaintiff relies on the same assignment of rents on which the title company relied in the summary proceeding. But in that proceeding (as we must now assume) the title company appeared only in its general or individual corporate capacity, whereas the present plaintiff sues in its representative capacity as the title company's successor trustee for the holders of the " Series N-67 " certificates and not otherwise. The present plaintiff, indeed, has no claim against the defendant in any other capacity, whereas the adjudication made in the summary proceeding was that the title company had no such fiduciary claim nor any claim other than that which it was there held to have asserted for itself in its individual corporate capacity.

It is thus clear, we think, that the question of *res judicata* in the case at bar must be resolved against the defendant on the principle that an adjudication for or against a person litigating an issue solely in his individual right or interest

does not conclude him in a subsequent prosecution respecting the same issue to which he is a party only in a representative capacity. (See *Rathbone* v. *Hooney*, 58 N. Y. 463; 1 Freeman on Judgments [5th ed.], § 419, p. 913; 24 Am. & Eng. Ency. of Law, p. 734.)

The judgments should be reversed and a new trial granted, with costs in all courts to abide the event.

LEHMAN, O'BRIEN, HUBBS, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., taking no part.

Judgments reversed, etc.