■ KEITH ROSSEIN et al., Respondents, v CHARLES L. WARNER et al., Appellants, et al., Defendant.—In a libel action, the appeals are (1) from an order of the Supreme Court, Nassau County (Morrison, J.), dated June 11, 1984, which denied appellants' respective motions for summary judgment, and (2) as limited by appellants' brief, from so much of a subsequent order of the same court, dated August 31, 1984, as, upon reargument, adhered to its original determination, except insofar as the complaint was dismissed as to defendant Jean P. Warner.

Appeal from the order dated June 11, 1984 dismissed. That order was superseded by the subsequent order dated August 31, 1984, made upon reargument.

Order dated August 31, 1984, modified, on the law, by granting appellants' motions for summary judgment insofar as they sought dismissal of plaintiffs' fifth cause of action alleging product disparagement and their sixth cause of action alleging prima facie tort, and so much of plaintiffs' first four causes of action as allege liability resulting from defendants' published accusations that plaintiffs are legally unqualified and ineligible to act as an official publication for the Villages of East Rockaway or Lynbrook or their respective school boards are stricken, and those portions of the complaint which are dismissed or stricken are severed. As so modified, order affirmed, insofar as appealed from. Order dated June 11, 1984 modified accordingly.

Appellants are awarded one bill of costs.

In their papers opposing appellants' motions for summary judgment, plaintiffs failed to deny the accuracy of appellants' allegations that their publications are legally ineligible to act as official publications for the Villages of East Rockaway and Lynbrook and their school boards, much less adduce any evidentiary showing that these statements are in any manner defamatory. Consequently, Special Term erred in failing to grant appellants' motions insofar as plaintiffs sought to impose liability on the basis of these statements *(see, e.g., Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). Since these statements form the sole factual predicate which might even remotely support plaintiffs' cause of action for product disparagement as opposed to libel per se *(see, e.g.,* 44 NY Jur 2d, Defamation and Privacy, § 176), plaintiffs' fifth cause of action should have been dismissed. Furthermore, in the context of this case, it appears that plaintiffs could not establish a viable claim for prima facie tort without, at the same time, establishing their causes of action for libel, nor have they made any showing that complete relief may not be accorded under their libel causes of action. Consequently, plaintiffs' sixth cause of action alleging prima facie tort should also have been dismissed *(see, e.g., Springer v Viking Press,* 90 AD2d 315, *affd* 60 NY2d 916).

While we agree with the ultimate resolution of the balance of appellants' motions at Special Term, we, nonetheless, hold that Special Term erred in failing to hold plaintiffs to the standard of proof of "gross irresponsibility" in meeting the challenge of appellants' motions *(see, e.g., Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196; *Gaeta v New York News,* 62 NY2d 340). Appellants' publications were susceptible to an interpretation which effectively charged plaintiffs with the fraudulent use of the name of a local charitable function to increase their own advertising revenue and with deliberately misleading local merchants into believing that part or all of that advertising revenue would be donated to the charity *(see, James v Gannett Co.,* 40 NY2d 415, 419 [where statements are reasonably susceptible of defamatory connotation, it is the function of the jury to determine how they would be understood by the average reader]). As a result, we find that there was a "sustainable" editorial judgment that an issue of local concern was involved here *(Gaeta v New York News, supra,* at p 349), and that the statements were arguably related to an issue of a genuine public, albeit local, concern *(see, e.g., Chapadeau v Utica Observer-Dispatch, supra).* Therefore, plaintiffs

should have been held to a standard of proof of gross irresponsibility, i.e., that appellants acted "without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" *(Chapadeau v Utica Observer-Dispatch, supra,* at p 199). Nonetheless, the plaintiffs made a sufficient evidentiary showing to raise a triable issue with regard to the appellants' "gross irresponsibility". The record reveals (1) that the one named source contacted by appellant Warner to check the unattributed statement of wrongdoing contradicted the truth of that statement *(cf. Karaduman v Newsday, Inc.,* 51 NY2d 531, 551 [potential liability was premised upon the denial by three named sources that they made the statement in issue]); and (2) that while the republishers acknowledged that the facts in the article warranted verification, the record reveals conflicting evidence as to whether they did, in fact, verify those facts, and there is further contradictory evidence in that, while the republishers acknowledge the factual nature of the article by admitting verification was warranted, they apparently attempt to avoid liability by labeling the admittedly factual article as an editorial upon republication. Accordingly, a triable issue concerning gross irresponsibility and deviation from standards was raised *(Gaeta v New York News,* 62 NY2d 340, *supra; Grobe v Three Vil. Herald,* 69 AD2d 175, *affd* 49 NY2d 932).

We further agree that appellants' allegations of fact in support of any of the opinions expressed in these statements are themselves actionable, and, therefore, agree with Special Term that the statements, considered as a whole, do not constitute constitutionally protected opinion *(see, e.g., Russo v Padovano,* 84 AD2d 925, 926; *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 382, cert denied 434 US 969; *Rand v New York Times Co.,* 75 AD2d 417, 422; *Hotchner v Castillo-Puche,* 551 F2d 910, 913, *cert denied sub nom. Hotchner v Doubleday & Co.,* 434 US 834; *Buckley v Littell,* 539 F2d 882, 895, *cert denied* 429 US 1062; *Kapiloff v Dunn,* 27 Md App 514, 343 A2d 251, *cert denied* 426 US 907).

We have examined appellants' remaining contentions and find them to be without merit. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.