■ John T. Cooney, Sr., Respondent, v Elaine Cooney et al., Appellants. [787 NYS2d 67]—

In an action, inter alia, for a judgment declaring that the plaintiff is the owner of certain season tickets to the regular season home games of the New York Giants football team, the defendants appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered April 16, 2004, which, after a hearing, denied their motion to dismiss the complaint pursuant to, among other things, CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed, with costs.

The plaintiff alleged in an affidavit that sometime in the 1930s, his father became a season ticket holder for the regular season home games of the New York Giants football team. In the 1960s, a company controlled by his father began paying for the annual subscription. After his father's death in 1964, the plaintiff and his brother, the decedent Frank D. Cooney, Jr., as co-owners of their father's company, continued to cause the company to purchase season tickets, which the plaintiff and the decedent shared equally for a period of over 30 years. In October 2002 following the death of Frank D. Cooney, Jr., the plaintiff and the defendants Elaine Cooney, Maureen Cassedy, Frank D. Cooney III, and Michael Cooney, as executors of the estate of Frank D. Cooney, Jr., sold their respective ownership stakes in the father's company in an arm's length transaction to nonparty Ferry Landings, LLC. The purchase agreement made no reference to the season tickets, which were not part of the transaction. Subsequently, the defendants refused to allow the plaintiff to acquire one half of the tickets.

The plaintiff commenced this action, inter alia, for a judgment declaring that he is the owner of 6 of the 12 tickets issued annually pursuant to the subscription. The defendants moved to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (1) and (7). The defendants relied upon documentary evidence purporting to establish that the decedent was the sole subscriber of record to the season tickets. The Supreme Court, after a hearing, denied the motion. We affirm.

Contrary to the defendants' contention, the identity of the subscriber of record alone is not determinative of the parties' rights. Rather, the plaintiff's right to one half of the season tickets turns on the nature of the relationship established between the plaintiff and his brother over the past 30 years with respect to the tickets (compare Lipton v Donnenfeld, 5 AD3d 356 [2004] and Brand v Lipton, 274 AD2d 534 [2000], with Copland v Summ, 228 AD2d 409 [1996]). Thus, the Supreme Court correctly denied that branch of the motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

A pleading attacked for insufficiency must be accorded a lib-

eral construction, and "if it states, in some recognizable form, any cause of action known to our law," it cannot be dismissed (*Clevenger v Baker Voorhis & Co.*, 8 NY2d 187, 188 [1960]; *see Conroy v Cadillac Fairview Shopping Ctr. Props. [Md.]*, 143 AD2d 726 [1988]; *Home Reporter v Brooklyn Spectator*, 34 AD2d 956 [1970]). The allegations in the complaint, and in any supporting affidavit, must be taken as true (*see Gingold v Beekman*, 183 AD2d 870 [1992]), and the plaintiff must be accorded "the benefit of every possible favorable inference" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Applying these principles, the Supreme Court also correctly denied that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).

The defendants' remaining contentions are without merit. Krausman, J.P., Goldstein, Luciano and Fisher, JJ., concur.