■ HARVEY SCHLACKMAN et al., Respondents, v ROBIN S. WEINGAST & ASSOCIATES, INC., et al., Defendants, and MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Appellant. [795 NYS2d 707]—

In an action, inter alia, to recover premiums paid for life insurance policies and for punitive damages, the defendant Massachusetts Mutual Life Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated November 18, 2003, as denied its motion pursuant to CPLR 3211 (a) (3) and (7) to dismiss the amended complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

A pleading attacked for insufficiency must be accorded a liberal construction, and "if it states, in some recognizable form, any cause of action known to our law," it cannot be dismissed (*Clevenger v Baker Voorhis & Co.*, 8 NY2d 187, 188 [1960]; *see Cooney v Cooney*, 13 AD3d 407 [2004]; *Home Reporter v Brooklyn Spectator*, 34 AD2d 956 [1970]). The allegations in the

complaint, and in any supporting affidavit, must be taken as true (see *Gingold v Beekman*, 183 AD2d 870 [1992]), and the plaintiff must be accorded "the benefit of every possible favorable inference" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; see *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Applying these principles, the Supreme Court properly denied that branch of the motion of the Massachusetts Mutual Life Insurance Company (hereinafter Mass Mutual) which was to dismiss the amended complaint insofar as asserted against it, based on a failure to state a cause of action.

In addition, the Supreme Court properly denied that branch of the motion of Mass Mutual which was pursuant to CPLR 3211 (a) (3) to dismiss the amended complaint on the ground that the plaintiffs had no legal capacity to sue, as the plaintiffs are the real parties in interest (see generally *Airlines Reporting Corp. v Pro Travel*, 239 AD2d 233, 234 [1997]; *Airlines Reporting Corp. v S & N Travel*, 238 AD2d 292 [1997].

Mass Mutual's remaining contentions are without merit. S. Miller, J.P., Ritter, Goldstein and Lifson, JJ., concur.