██ KENNETH EARL TUPER, as Cotrustee of the Tuper Living Trust, et al., Appellants, v PATRICIA P. TUPER, as Cotrustee of the Tuper Living Trust, Respondent. [824 NYS2d 857]—

Appeal from an order of the Supreme Court, Ontario County (James R. Harvey, A.J.), entered May 16, 2005. The order, insofar as appealed from, granted defendant's motion in part and dismissed the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied in its entirety and the complaint is reinstated.

Memorandum: Plaintiffs, Kenneth Earl Tuper, as cotrustee of the Tuper Living Trust, and the Tuper Living Trust (Trust), commenced this action against defendant, Patricia P. Tuper, as cotrustee of the Trust, seeking, inter alia, damages for defendant's alleged breach of fiduciary duty and breach of contract. Defendant moved, inter alia, to dismiss the action based upon the affirmative defenses of res judicata and collateral estoppel. Supreme Court granted that part of the motion seeking to dismiss the complaint and plaintiffs now appeal from that part of the order.

Kenneth and Patricia were married in 1973 and, during the course of their marriage, they acquired title to 11 parcels of real estate. In July 1994, as part of their estate planning, Kenneth and Patricia created the Trust, a revocable living trust, and deeded all the real estate to the Trust. They also entered into a property agreement that stated that all property would continue

to be jointly held. In 1996, Patricia commenced an action for divorce that was dismissed after trial. In 1998, Patricia, in her individual capacity, brought an action against Kenneth, individually, and the Trust seeking partition of the real estate held in the Trust. In that action, Supreme Court issued a judgment granting Patricia's motion for summary judgment, ordering partition of the real estate and denying Kenneth's cross motion seeking dismissal of the complaint. We affirmed that judgment (*Tuper v Tuper*, 269 AD2d 828 [2000]). Thereafter, in response to Patricia's motion to enforce the judgment, Kenneth cross-moved for an order granting him, inter alia, leave to amend his answer to assert defenses and counterclaims, including counterclaims for breach of fiduciary duty and breach of the property agreement. The court issued an order denying that cross motion without explanation and Kenneth did not appeal. In June 2004, the instant action was commenced.

We conclude that the court erred in granting that part of defendant's motion seeking to dismiss the complaint based upon the affirmative defenses of res judicata and collateral estoppel. "It has been repeatedly held that persons suing or being sued in their official or representative capacity are, in contemplation of law, distinct persons, and strangers to any right or liability as an individual, and consequently a former judgment concludes a party only in the character in which he was sued" (*Leonard v Pierce*, 182 NY 431, 432 [1905]; *see Collins v Hydorn*, 135 NY 320, 324-325 [1892]). Therefore, generally, " 'an adjudication for or against a person litigating an issue solely in his individual right or interest does not conclude him in a subsequent prosecution respecting the same issue to which he is a party only in a representative capacity' " (*Matter of Sullivan*, 289 NY 323, 326, quoting *City Bank Farmers Trust Co. v Silberberg*, 280 NY 424, 429-430 [1939]; *see Matter of Juan C. v Cortines*, 89 NY2d 659, 668 [1997]; *see also* Restatement [Second] of Judgments § 36 [2]).

The doctrine of res judicata precludes a party from relitigating a claim where a judgment on the merits exists from a prior action between the same parties, or those in privity with those parties (*see Matter of Hunter*, 4 NY3d 260, 269 [2005]; *Matter of Ranni [Ross]*, 58 NY2d 715, 717 [1982]; *O'Brien v City of Syracuse*, 54 NY2d 353, 357-358 [1981]). Inasmuch as the partition action was brought by Patricia, individually, and this action is against Patricia in her representative capacity, there is no identity of parties to support defendant's defense of res judicata. We further conclude that Patricia, as cotrustee of the Trust, is not a party in privity with Patricia, individually. "Generally, to

establish privity the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding" (*Green v Santa Fe Indus.*, 70 NY2d 244, 253 [1987]; *see Matter of Oswego County Dept. of Social Servs. v Duane E.*, 267 AD2d 1063, 1064-1065 [1999], *lv denied* 95 NY2d 752 [2000]). In this case, the interests of Patricia, individually, conflict with the interests of the Trust and, therefore, conflict with the interests of Patricia as cotrustee.

We further conclude that the doctrine of collateral estoppel does not preclude plaintiffs from raising the issues of breach of fiduciary duty and breach of contract in the instant action. The doctrine of collateral estoppel precludes a party from raising, in subsequent litigation, any issue that was decided in prior litigation so long as the issue was necessarily determined in the prior litigation and the party to be estopped had a full and fair opportunity to litigate the issue (*see Buechel v Bain*, 97 NY2d 295, 304 [2001], *cert denied* 535 US 1096 [2002]; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]). We agree with plaintiffs that the denial of that part of Kenneth's cross motion for leave to amend the answer in the partition action does not constitute a determination on the merits of the issues of defendant's alleged breach of fiduciary duty and breach of contract (*see Mudry v Giannattasio*, 8 AD3d 455, 456 [2004]; *see also Espinoza v Concordia Intl. Forwarding Corp.*, 32 AD3d 326, 328 [2006]; *see generally Miller Mfg. Co. v Zeiler*, 45 NY2d 956, 958 [1978]). Present—Scudder, J.P., Martoche, Centra and Pine, JJ.