■ FONTAINE SHERIDAN et al., Appellants, v CINDY CARTER et al., Respondents, et al., Defendant. [851 NYS2d 248]—

In an action, inter alia, to recover damages for defamation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered July 3, 2006, as granted the motion of the defendant Domestic Workers United pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it and granted that branch of the separate motion of the defendant Cindy Carter which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents, the motion of the defendant Domestic Workers United pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it is denied, and that branch of the separate motion of the defendant Cindy Carter which was for summary judgment dismissing the complaint insofar as asserted against her is denied.

For approximately 2½ years, the plaintiffs employed the defendant Cindy Carter as a domestic worker at their home in Massapequa Park. On July 6, 2005 Carter and the plaintiff Fontaine Sheridan (hereinafter Fontaine) were involved in a physical altercation on the front lawn of the plaintiffs' property. Fontaine was arrested in connection with the incident and ultimately pleaded guilty to harassment in the second degree.

Between August and November 2005 various newspapers in the New York City metropolitan area published a total of six articles in which Carter made a series of allegations about the plaintiffs. In sum, Carter's published statements included claims that she had been physically and verbally abused by the plaintiffs over the entire course of her employment, that Fontaine had threatened to disclose her immigration status to the authorities, that the plaintiffs had paid her the sum of only $300 per week for working long hours, and that Fontaine had yelled racial slurs at Carter during the July 2005 altercation. On November 10, 2005 the defendant Domestic Workers United (hereinafter DWU) allegedly staged a protest outside of the Manhattan office building where the plaintiff Donald Sheridan worked. At this protest, the plaintiffs alleged, DWU distributed flyers which contained allegations about the plaintiffs similar to those Carter had made to the press.

The plaintiffs commenced the instant action, inter alia, to recover damages for defamation. They alleged, among other things, that Carter's published statements and the statements in DWU's flyer concerning the plaintiffs were false and defamatory. DWU moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action, and Carter separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her. In a single order, the Supreme Court, inter alia, granted both DWU's motion to dismiss the complaint insofar as asserted against it, and that branch of Carter's motion which was for summary judgment dismissing the complaint insofar as asserted against her. We reverse that order insofar as appealed from.

"Upon a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), the court must determine whether from the four corners of the pleading 'factual allegations are discerned which taken together manifest any cause of action cognizable at law' " (*Salvatore v Kumar,* 45 AD3d 560, 563 [2007], quoting *Morad v Morad,* 27 AD3d 626, 627 [2006]). In determining such a motion, the court may freely consider additional facts contained in affidavits submitted by the plaintiff to remedy any defects in the complaint (*see International Oil Field Supply Servs. Corp. v Fadeyi,* 35 AD3d 372, 375 [2006]). The allegations in the complaint, and in any supporting affidavit, must be taken as true, and the plaintiff must be accorded the benefit of every possible favorable inference (*see Schlackman v Robin S. Weingast & Assoc., Inc.,* 18 AD3d 729, 729-730 [2005]; *Montes Corp. v Charles Freihofer Baking Co., Inc.,* 17 AD3d 330 [2005]; *Cooney v Cooney,* 13 AD3d 407, 409 [2004]).

Contrary to the Supreme Court's determination, the complaint sufficiently alleged a cause of action to recover damages for libel against DWU. We agree with the Supreme Court that DWU's published statements addressed a matter of public concern (*see Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196, 199 [1975]). In its flyer, DWU presented its allegations concerning the plaintiffs' treatment of Carter within the broader context of the allegedly pervasive abuse and exploitation of domestic workers, a matter of legitimate public concern. That being so, in order to avoid dismissal for failure to state a cause of action sounding in libel, there must also be allegations which, if proven, would show that DWU "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" (*Chapadeau v Utica Observer-Dispatch,* 38 NY2d at 199).

Here, the plaintiffs' allegations were sufficient, if proven, to make such a showing. In addition to their allegations regarding falsity and defamation, the plaintiffs alleged, through their complaint and supporting affidavit, that DWU published its statements "with reckless and wanton disregard of whether the allegations set forth therein were false and untrue," without examining police records or contacting the plaintiffs, and after being notified by the plaintiffs' lawyer that Carter's claims were baseless. Assuming the truth of these additional allegations, and according the plaintiffs the benefit of every favorable inference (*see Schlackman v Robin S. Weingast & Assoc., Inc.,* 18 AD3d at 729-730), the complaint and supporting affidavit adequately alleged that DWU published its flyer "in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties" (*Chapadeau v Utica Observer-Dispatch,* 38 NY2d at 199; *see D'Agrosa v Newsday, Inc.,*158 AD2d 229, 235 [1990]; *Udell v New York News,* 124 AD2d 656, 657-658 [1986]; *Rossein v Warner,* 113 AD2d 825, 827 [1985]; *cf. Yellon v Lambert,* 289 AD2d 486 [2001]). Although the factual allegations as to DWU's malice may have been somewhat anemic, that is not a basis to dismiss for failure to state a cause of action (*see Kotowski v Hadley,* 38 AD3d 499, 500-501 [2007]).

The Supreme Court also erred in awarding summary judgment to Carter. "The essence of the tort of libel is the publication of a statement about an individual that is both false and defamatory" (*Brian v Richardson,* 87 NY2d 46, 50-51 [1995]). In the first instance, Carter's published statements, which depicted the plaintiffs as racists who physically abused and

economically exploited their domestic employee, were clearly defamatory per se (see *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 379 [1977], *cert denied* 434 US 969 [1977]; *Herlihy v Metropolitan Museum of Art,* 214 AD2d 250, 260 [1995]). Moreover, Carter failed to make a prima facie showing of entitlement to judgment as a matter of law with respect to the truth of her allegations about the plaintiffs (see generally *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Furthermore, Carter's published statements were not shielded by the qualified privilege which extends to communications made between persons who share a common interest in the subject matter (*cf. Liberman v Gelstein,* 80 NY2d 429, 437 [1992]). Thus, the Supreme Court should have denied that branch of Carter's motion which was for summary judgment dismissing the complaint insofar as asserted against her. Spolzino, J.P., Florio, Miller and Dickerson, JJ., concur.