■ SPECIALIZED REALTY SERVICES, LLC, Appellant, v TOWN OF TUXEDO et al., Respondents. [915 NYS2d 133]—

In an action for a judgment declaring, inter alia, that certain real property is exempt from certain land-use and building code regulations, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Slobod, J.), dated August 4, 2009, which, upon an order of the same court dated July 14, 2009, inter alia, granting that branch of the defendants' motion which was for summary judgment and denying its cross motion for summary judgment on the complaint, is in favor of the defendants and against it, in effect, declaring, among other things, that the subject real property is not exempt from the relevant land-use and building code regulations.

Ordered that the judgment is affirmed, with costs.

The plaintiff owns certain improved real property (hereinafter the property) in the Town of Tuxedo. It commenced this action for a judgment declaring, inter alia, that the property is exempt from certain land-use and building code regulations.

The defendants moved, inter alia, for summary judgment, and the plaintiff cross-moved for summary judgment on the complaint. In an order dated July 14, 2009, the Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment and denied the plaintiff's cross motion. Thereafter, the Supreme Court entered a judgment which, in effect, declared, inter alia, that the subject real property is not exempt from the relevant land-use and building code regulations. We affirm.

The Town of Tuxedo Town Code provides that nonconforming nonresidential uses "[s]hall not be reestablished if such use has been discontinued for one (1) year or more" (Town of Tuxedo Town Code § 98-28 [C] [3]). The defendants established their prima facie entitlement to judgment as a matter of law by

demonstrating that the property had been used for a nonconforming nonresidential use and that such use had been discontinued for more than one year (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment, properly denied the plaintiff's cross motion for summary judgment on the complaint, and properly entered a judgment declaring, among other things, that the subject real property is not exempt from the relevant land-use and building code regulations. Covello, J.P., Eng, Chambers and Hall, JJ., concur.