■ Mario Caruso, Respondent, v Jennifer S. Bumgarner, Putnam County Attorney, et al., Defendants, and William G. Sayegh et al., Appellants. [992 NYS2d 102]—

In an action, inter alia, for injunctive relief, the defendants William J. McNamara, Gerald A. Schramek, and Debra L. Giordonello appeal, and the defendant William G. Sayegh separately appeals, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Nicolai, J.), dated August 10, 2012, as denied that branch of their cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the appeal by the defendant William G. Sayegh is dismissed as academic; and it is further,

Ordered that the order is reversed insofar as appealed from by the defendants William J. McNamara, Gerald A. Schramek, and Debra L. Giordonello, on the law, and that branch of the cross motion of those defendants which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them is granted; and it is further,

Ordered that one bill of costs is awarded to the defendants William J. McNamara, Gerald A. Schramek, and Debra L. Giordonello.

In February 2011, the plaintiff was convicted, upon his plea of guilty, of two counts of sexual abuse in the first degree for acts he committed in the summer of 2003. One of the plaintiff's victims, M.F., resided in the home adjacent to the plaintiff's home in Carmel. The plaintiff was designated a level three sex offender and his sentence included a 10-year period of probation. Additionally, an order of protection was issued that included a provision requiring the defendant to stay a certain distance away from M.F. The plaintiff claimed that this provi-

sion barred him from returning to his home. The plaintiff subsequently moved to amend the order of protection by deleting the provision and, after a hearing, the Supreme Court granted the motion.

Thereafter, the plaintiff commenced this action, inter alia, for injunctive relief against, among others, Putnam County Sheriff's Department employees William J. McNamara and Gerald A. Schramek, and Putnam County Probation Department employee Debra L. Giordonello. The plaintiff alleged in his verified complaint that McNamara, Schramek, and Giordonello (hereinafter collectively the appellants) violated Code of Putnam County § 55 by disclosing to the law firm that represented M.F. and M.F.'s family confidential information acquired in the course of official duties, and by disclosing confidential communications with a prosecutor. According to the plaintiff, these disclosures were made to influence the proceeding with respect to the plaintiff's motion to amend the order of protection, and to benefit the law firm that represented M.F. and M.F.'s family in the criminal proceeding and anticipated civil proceedings. The plaintiff sought to permanently enjoin the appellants from disclosing to that law firm, or any private person or attorney acting on its behalf, any information related to the plaintiff acquired in the course of their employment.

The appellants cross-moved pursuant to CPLR 3211 (a) (2), (3) and (7) to dismiss the complaint insofar as asserted against them. The Supreme Court, inter alia, denied that branch of the appellants' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

To sufficiently plead a cause of action for a permanent injunction, a plaintiff must allege that there was a "violation of a right presently occurring, or threatened and imminent," that he or she has no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in his or her favor (*Elow v Svenningsen*, 58 AD3d 674, 675 [2009]; *see also* 67A NY Jur 2d Injunctions § 45). Here, the appellants' allegedly improper conduct occurred during the pendency of the plaintiff's motion to amend the order of protection. But that proceeding has concluded and the plaintiff obtained the relief he sought. The law firm to which the appellants allegedly provided information in violation of Code of Putnam County § 55 no longer represents M.F. and M.F.'s family. While the plaintiff will be on probation for a number of years, there is no indication that any action is currently pending against him. Under these circumstances, there can be no irreparable harm in the absence of a permanent injunction, and,

thus, the cause of action for a permanent injunction against the appellants should have been dismissed (*see Ovitz v Bloomberg L.P.*, 18 NY3d 753, 760 [2012]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Dillon, Maltese and Barros, JJ., concur.