■ SPECIALIZED REALTY SERVICES, LLC, Appellant, v DAVID MAIKISCH, Respondent. [999 NYS2d 430]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Bartlett, J.), dated January 4, 2012, as granted the defendant's motion for summary judgment dismissing the amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the amended complaint is denied.

In 2007, the plaintiff commenced a prior action against the Town of Tuxedo and David Maikisch, as Building Inspector of the Town (hereinafter together the Town defendants), for a judgment declaring that the subject property, consisting of certain improved real property in the Town, was exempt from certain land-use and building code regulations. In an order dated July 14, 2009, the Supreme Court granted the Town defendants' motion for summary judgment and, thereafter, entered a judgment dated August 4, 2009, which declared that the subject real property was not exempt from the relevant land-use and building code regulations. In a decision and order dated January 18, 2011, this Court affirmed the judgment (see Specialized Realty Servs., LLC v Town of Tuxedo, 80 AD3d 690 [2011]), and subsequently, the Court of Appeals denied the plaintiff's motion for leave to appeal from this Court's order (see Specialized Realty Servs., LLC v Town of Tuxedo, 17 NY3d 710 [2011]).

In an order dated October 25, 2011, the Supreme Court denied the plaintiff's motion for leave to renew its opposition to the Town defendants' motion for summary judgment, and pursuant to CPLR 5015 (a) (2) and (3) to vacate the judgment dated August 4, 2009. This Court subsequently affirmed the order dated October 25, 2011 (see Specialized Realty Servs., LLC v Town of Tuxedo, 106 AD3d 987 [2013]).

Meanwhile, in 2009, the plaintiff commenced this action. An amended complaint dated September 20, 2010, named a single defendant, David Maikisch, and asserted seven causes of action against him. Maikisch moved for summary judgment dismissing the complaint. In an order dated January 4, 2012, the Supreme Court, inter alia, granted Maikisch's motion, concluding that the doctrine of res judicata precluded this action. The plaintiff appeals.

This State has adopted the transactional analysis approach in deciding the application of the doctrine of res judicata. Under this analysis, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981] [citation omitted]). "It is not always clear whether particular claims are part of the same transaction for res judicata purposes. A 'pragmatic' test has been applied to make this determination—analyzing 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage' " (*Xiao Yang Chen v Fischer*, 6 NY3d 94, 100-101 [2005], quoting Restatement [Second] of Judgments § 24 [2]; *see Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193 [1981]). "One linchpin of res judicata is an identity of parties actually litigating successive actions against each other: the doctrine applies only when a claim *between* the parties has been previously 'brought to a final conclusion' " (*City of New York v Welsbach Elec. Corp.*, 9 NY3d 124, 127 [2007], quoting *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]).

Here, in the prior action, the plaintiff made no claim against Maikisch in his capacity as an individual. Rather, the plaintiff sought relief, in the form of a declaratory judgment, against the Town and Maikisch in his capacity as Building Inspector of the Town. "It has been repeatedly held that persons suing or being sued in their official or representative capacity are, in contemplation of law, distinct persons, and strangers to any right or liability as an individual, and consequently a former judgment concludes a party only in the character in which he was sued" (*Leonard v Pierce*, 182 NY 431, 432 [1905]; *see Tuper v Tuper*, 34 AD3d 1280, 1281 [2006]).

In any event, the differences which exist between the issues raised in the prior litigation and those raised now, namely, the differences in the kind of relief sought, in the kind of facts to be proved, and in the kind of law to be applied, outweigh the

similarities to such an extent as to render the doctrine of res judicata inapplicable (*see Coliseum Towers Assoc. v County of Nassau*, 217 AD2d 387, 392 [1996]). In the prior action, the plaintiff sought a judgment declaring that the subject property was exempt from certain land-use and building code regulations. There, the plaintiff alleged that, for reasons stated, the relevant regulations were inapplicable to the subject property. In this action, the plaintiff seeks to recover money damages from Maikisch individually, based on contract and tort theories. In this action, the plaintiff alleges, inter alia, that Maikisch breached an oral contract between the parties, breached a fiduciary duty owed to the plaintiff, and tortiously interfered with the plaintiff's business relations.

Under the circumstances of this case, res judicata is not a bar to the present action. Accordingly, we reverse the order insofar as appealed from and deny Maikisch's motion for summary judgment dismissing the amended complaint. Dillon, J.P., Dickerson, Leventhal and Hall, JJ., concur.