■ In the Matter of LONG ISLAND POWER AUTHORITY HURRICANE SANDY LITIGATION. JOHN COYLE et al., Respondents, v LONG ISLAND POWER AUTHORITY et al., Appellants. [24 NYS3d 313]—

In a putative class action to recover damages for breach of contract and for injunctive relief, the defendant Long Island Power Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered April 1, 2014, as denied its motion, inter alia, pursuant to CPLR 3211 to dismiss the plaintiffs' class action allegations and cause of action for injunctive relief insofar as asserted against it, and the defendant National Grid Electric Services, LLC, separately appeals, as limited by its brief, from so much of the same order as denied its motion, inter alia, pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motions of National Grid Electric Services, LLC, and Long Island Power Authority which were to dismiss the plaintiffs' cause of action for injunctive relief insofar as asserted against each of them, and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On October 29, 2012, Hurricane Sandy devastated portions of the East Coast, including much of Long Island and the Rockaways. Among the consequences experienced by those in the storm's path were extended power outages. In this putative class action, the plaintiffs, individually and on behalf of others similarly situated, seek damages for breach of contract as well as injunctive relief from Long Island Power Authority (hereinafter LIPA) and its former management services provider, National Grid Electric Services, LLC (hereinafter Grid).

LIPA made a pre-answer motion, inter alia, pursuant to CPLR 3211 to dismiss the plaintiffs' class action allegations

and cause of action for injunctive relief insofar as asserted against it, and Grid made a separate pre-answer motion, inter alia, pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against it. The Supreme Court denied both motions, and LIPA and Grid (hereinafter together the defendants) separately appeal.

In examining a complaint in response to a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), "[t]he allegations in the complaint, and in any supporting affidavit, must be taken as true, and the plaintiff must be accorded 'the benefit of every possible favorable inference' " (*Cooney v Cooney*, 13 AD3d 407, 409 [2004], quoting *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178 [2011]). A complaint should be read liberally, for if it " 'states, in some recognizable form, any cause of action known to our law,' it cannot be dismissed" (*Cooney v Cooney*, 13 AD3d at 409 [citation omitted]).

Those branches of the defendants' motions which were to dismiss or strike the class action allegations for failure to establish the statutory prerequisites for class certification (*see* CPLR 901 [a]) were properly denied by the Supreme Court as premature (*see Ackerman v New York Hosp. Med. Ctr. of Queens*, 127 AD3d 794, 796 [2015]; *Bernstein v Kelso & Co.*, 231 AD2d 314, 323-324 [1997]).

However, the Supreme Court should have granted those branches of the defendants' motions which were to dismiss the cause of action for injunctive relief. "To sufficiently plead a cause of action for a permanent injunction, a plaintiff must allege that there was a violation of a right presently occurring, or threatened and imminent, that he or she has no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in his or her favor" (*Caruso v Bumgarner*, 120 AD3d 1174, 1175 [2014] [citation and internal quotation marks omitted]). "A permanent injunction is a drastic remedy which may be granted only where the plaintiff demonstrates that it will suffer irreparable harm absent the injunction" (*Merkos L'Inyonei Chinuch, Inc. v Sharf*, 59 AD3d 403, 408 [2009] [citation and internal quotation marks omitted]).

Turning first to Grid, because the service agreement between it and LIPA has expired and has not been renewed, and because the harm alleged by the plaintiffs is complete rather than ongoing, the plaintiffs cannot allege a " 'violation of a right presently occurring, or threatened and imminent' " (*Caruso v Bumgarner*, 120 AD3d at 1175, quoting *Elow v Svenningsen*, 58

AD3d 674, 675 [2009]). Accordingly, the Supreme Court should have directed dismissal of the plaintiffs' cause of action for injunctive relief insofar as asserted against Grid as academic.

As to LIPA, the plaintiffs have adequately alleged a threat of serious and irreparable harm. However, the nature of the injunctive relief sought against LIPA raises questions of justiciability (*see Jiggetts v Grinker*, 75 NY2d 411, 415 [1990]). Specifically, the plaintiffs seek an order directing LIPA to comply with the recommendations set forth in (1) the Interim and Final Reports issued by the Moreland Commission on Utility Storm Preparation and Response, which was appointed by Governor Andrew Cuomo to "study, examine, investigate, and review the response, preparation, and management of New York's power utility companies with respect to Hurricanes Irene and Sandy" as well as the "adequacy of regulatory oversight of the utilities," and (2) the reports of two prior investigations, one conducted at LIPA's request and the other in response to Hurricane Irene. Those reports recommended, among other things, substantial investment in the maintenance of LIPA's infrastructure, including the replacement and updating of its transmission and delivery and communications systems, as well as changes to the structure of LIPA's operations. Such recommendations plainly implicate "[b]road policy choices, which involve the ordering of priorities and the allocation of finite resources" which are reserved to the legislative and executive branches of government (*Jiggetts v Grinker*, 75 NY2d at 415; *see e.g. Roberts v Health & Hosps. Corp.*, 87 AD3d 311, 325 [2011]). Accordingly, the Supreme Court should have granted that branch of LIPA's motion which was to dismiss the plaintiffs' cause of action for injunctive relief insofar as asserted against it on the ground that it presented questions that are nonjusticiable.

The branch of Grid's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the second cause of action insofar as asserted against it on the ground that the plaintiffs are not third-party beneficiaries of the service agreement entered into between Grid and LIPA was properly denied. "A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted only if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Fontanetta v John Doe 1*, 73 AD3d 78, 83-84 [2010] [citations and internal quotation marks omitted]; *see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 590-591 [2005]). Here, the service agreement contains a boilerplate provision generally denying the parties' intent to

benefit any third parties "[u]nless specifically set forth herein." However, other sections of the service agreement raise issues of fact as to whether the public was an intended third-party beneficiary of Grid's contract with LIPA (*compare Koch v Consolidated Edison Co. of N.Y.*, 62 NY2d 548, 559 [1984], *and Pond v New Rochelle Water Co.*, 183 NY 330, 338 [1906], *with Moch Co. v Rensselaer Water Co.*, 247 NY 160, 164 [1928]). Accordingly, the Supreme Court properly concluded that the documentary evidence submitted by Grid did not conclusively refute the plaintiffs' allegations (*see Town of Huntington v Long Is. Power Auth.*, 130 AD3d 1013, 1015 [2015]).

The defendants' remaining contentions are without merit. Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.