Aponte v Estate of Rene Aponte (2019 NY Slip Op 03750)





Aponte v Estate of Rene Aponte


2019 NY Slip Op 03750


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-13255
 (Index No. 11825/15)

[*1]Rene Aponte, Sr., respondent, 
v
Estate of Rene Aponte, Jr., defendant, Danae Aponte, also known as Danae Lobo, et al., appellants.


Greenberg Freeman LLP, New York, NY (Sanford H. Greenberg of counsel), for appellants.
Gabriel O. Amene, Jamaica, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for conversion and unjust enrichment, the defendants Danae Aponte, also known as Danae Lobo, and Dekalb and Myrtle, LLC, appeal from an order of the Supreme Court, Kings County (Bernard Graham, J.), dated August 18, 2016. The order denied the motion of those defendants pursuant to CPLR 3211(a) to dismiss the complaint in its entirety.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants Danae Aponte, also known as Danae Lobo, and Dekalb and Myrtle, LLC, which was pursuant to CPLR 3211(a) to dismiss the causes of action seeking damages and the imposition of a constructive trust in connection with a business known as Dekalb Second Hand Dealer, Inc., insofar as asserted against the defendant Estate of Rene Aponte, Jr., and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendants Danae Aponte, also known as Danae Lobo, and Dekalb and Myrtle, LLC, which was pursuant to CPLR 3211(a) to dismiss the cause of action seeking a permanent injunction, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff commenced this action in September 2015, asserting causes of action, inter alia, sounding in conversion, constructive trust, unjust enrichment, breach of contract, and breach of quasi contract against the estate of his deceased son, his son's wife, Danae Aponte, also known as Danae Lobo (hereinafter Lobo), and Dekalb and Myrtle, LLC (hereinafter the corporate defendant), a company the plaintiff alleges is owned by Lobo, as well as a cause of action alleging fraud against Lobo. The plaintiff alleged that he had purchased a pawn shop business known as Dekalb Second Hand Dealers, Inc. (hereinafter the business), from his brother and took out several loans to finance the purchase and the operation of the business. The plaintiff further alleged that at some point in or after 2003, he entered into an oral agreement with his son whereby his son agreed to move from Miami to New York to run the business. According to the plaintiff, pursuant to this oral agreement, his son would receive shares in the business and, in exchange, the son agreed to pay [*2]the plaintiff $2,000 every month for the purpose of paying back the numerous loans and debts incurred by the plaintiff to purchase the business. The plaintiff alleged that his son paid $2,000 to him every month for years until the son became fatally ill.
The plaintiff further alleged that, in addition to purchasing the business from his brother, he had also contemplated purchasing certain real property in Brooklyn where the business was located (hereinafter the property). According to the plaintiff, since, at that time, he did not have enough money to purchase the property, he entered into another agreement with his son and Lobo whereby the plaintiff would send them funds to be used to purchase the property for the plaintiff. The plaintiff alleged that he sent his son and Lobo more than $50,000 toward the purchase of the property, and they told him that the funds were being used to purchase the property. The plaintiff further alleged that, in February 2012, when his son's cancer was in its advanced stage, Lobo secretly removed the plaintiff's name from the contract of sale for the property and, in a handwritten revision to the deed dated March 30, 2012, struck out the name of the plaintiff as the buyer of the property and replaced it with the name of the corporate defendant. The plaintiff's son died in June 2012.
In May 2013, the plaintiff sought the appointment of an administrator for his son's estate (hereinafter the estate) in the Surrogate's Court, Queens County, alleging that he had retained counsel to commence an action to recover monies due to him by the estate and Lobo in connection with the business. Thereafter, letters of administration were issued to Lobo, who subsequently filed a final account for the estate in the Surrogate's Court proceeding. The plaintiff did not file a claim or otherwise oppose Lobo's final account, and the Surrogate's Court thereafter disallowed the plaintiff's "contingent or possible claim" with respect to the business. A decree judicially settling the final account for the estate was entered on August 25, 2015, in the Surrogate's Court proceeding—approximately one month before the plaintiff commenced this action.
Lobo and the corporate defendant (hereinafter together the appellants) moved in this action to dismiss the complaint in its entirety pursuant to CPLR 3211(a)(1), (5), and (7). The Supreme Court denied the motion. We modify.
"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (Djoganopoulos v Polkes, 67 AD3d 726, 727; see Luscher v Arrua, 21 AD3d 1005, 1006). "In determining whether a factual grouping constitutes a transaction for res judicata purposes, a court must apply a pragmatic test and analyze how the facts are related as to time, space, origin or motivation, whether they form a convenient trial unit, and whether treating them as a unit conforms to the parties' expectations or business understanding" (Bayer v City of New York, 115 AD3d 897, 898-899). Res judicata principles apply with equal force to judicially settled accounting decrees (see Matter of Hunter, 4 NY3d 260, 270).
Applying these principles here, that branch of the appellants' motion which was to dismiss, on res judicata grounds, the causes of action seeking damages and the imposition of a constructive trust in connection with the business insofar as asserted against the estate should have been granted. The allegations in those causes of action could have and should have been asserted against the estate in the Surrogate's Court proceeding (see id. at 269; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347). Accordingly, we disagree with the Supreme Court's determination denying that branch of the appellants' motion which was to dismiss the causes of action regarding the business insofar as asserted against the estate.
However, we agree with the Supreme Court's determination denying that branch of the appellants' motion which was to dismiss, on res judicata grounds, the complaint insofar as asserted against them. As a general rule, a person appearing in his or her representative capacity in an action is not bound by or entitled to the benefits of res judicata in a subsequent action where he or she appears in a different capacity (see Sciangula v Montegut, 165 AD3d 1188, 1191; Restatement [Second] of Judgments § 36). Here, Lobo appeared in the Surrogate's Court proceeding only in her representative capacity, and the appellants have not established that either the corporate defendant [*3]or Lobo in her personal capacity were parties to that proceeding, or that the plaintiff could have asserted his claims against either of them in that proceeding. Thus, any res judicata effect of the judicially settled accounting decree in the Surrogate's Court proceeding is inapplicable to the plaintiff's causes of action in this action insofar as asserted against the corporate defendant and Lobo in her personal capacity (see Specialized Realty Servs., LLC v Maikisch, 123 AD3d 801, 802; see also Magid v Sunrise Holdings Group, LLC, 155 AD3d 717, 718).
We also agree with the Supreme Court's determination denying that branch of the appellants' motion which was to dismiss, on res judicata grounds, the causes of action seeking damages and the imposition of a constructive trust in connection with the property insofar as asserted against the estate. The plaintiff's causes of action regarding the property allege operative facts separate and distinct from those that support the plaintiff's causes of action regarding the business (see Matter of Asch, 164 AD3d 787, 789; Hae Sheng Wang v Pao-Mei Wang, 96 AD3d 1005, 1008). Indeed, the plaintiff has averred that Lobo fraudulently concealed from him the acquisition of the property in the name of the corporate defendant (see Matter of Asch, 164 AD3d at 789; Lambert v Sklar, 61 AD3d 939, 940). Moreover, the property was never owned by the estate, but rather was transferred prior to the death of the plaintiff's son. Thus, the causes of action regarding the property insofar as asserted against the estate are not barred by the doctrine of res judicata.
In assessing a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the facts pleaded are accepted as true and the plaintiff is accorded every possible favorable inference (see Nonnon v City of New York, 9 NY3d 825, 827; McDonnell v Bradley, 109 AD3d 592, 593). The court must " determine only whether the facts as alleged fit within any cognizable legal theory'" (Nonnon v City of New York, 9 NY3d at 827, quoting Leon v Martinez, 84 NY2d 83, 87-88). Such a motion should be granted only where, even viewing the allegations as true, the plaintiff still cannot establish a cause of action (see High Tides, LLC v DeMichele, 88 AD3d 954, 956-957; Kuzmin v Nevsky, 74 AD3d 896, 898). " Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss'" (Landon v Kroll Lab. Specialists, Inc., 91 AD3d 79, 82, affd 22 NY3d 1, quoting EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
Applying that standard here, we disagree with the Supreme Court's determination denying that branch of the appellants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action seeking a permanent injunction. "To sufficiently plead a cause of action for a permanent injunction, a plaintiff must allege that there was a violation of a right presently occurring, or threatened and imminent,' that he or she has no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in his or her favor" (Caruso v Bumgarner, 120 AD3d 1174, 1175, quoting Elow v Svenningsen, 58 AD3d 674, 675). " A permanent injunction is a drastic remedy which may be granted only where the plaintiff demonstrates that it will suffer irreparable harm absent the injunction'" (Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 403, 408, quoting Icy Splash Food & Beverage, Inc. v Henckel, 14 AD3d 595, 596; see Matter of Long Is. Power Auth. Hurricane Sandy Litig., 134 AD3d 1119, 1120). Here, the complaint failed to sufficiently allege that a permanent injunction was necessary to protect the plaintiff from a threatened or probable risk posed by the appellants or that monetary damages would be inadequate compensation (see generally Massaro v Jaina Network Sys., Inc., 106 AD3d 701, 703).
We agree, however, with the Supreme Court's determination denying those branches of the appellants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging fraud (see McDonnell v Bradley, 109 AD3d at 593; Richmond Shop Smart, Inc. v Kenbar Dev. Ctr., LLC, 32 AD3d 423, 424), conversion (see County of Nassau v Expedia, Inc., 120 AD3d 1178, 1180; Hearst v Hearst, 50 AD3d 959, 962-963), unjust enrichment (see Snitovsky v Forest Hills Orthopedic Group, P.C., 44 AD3d 845, 845-846; Cruz v McAneney, 31 AD3d 54, 59), breach of contract (see Hampshire Props. v BTA Bldg. & Developing, Inc., 122 AD3d 573, 573; JP Morgan Chase v J.H. Elec. of N.Y., Inc., 69 AD3d 802, 803), and breach of quasi contract (see DePasquale v Estate of DePasquale, 44 AD3d 606, 607), and seeking the imposition of a constructive trust (see [*4]Schwartz v Schwartz, 55 AD3d 897; Cruz v McAneney, 31 AD3d at 58-59). The plaintiff adequately pleaded the elements of each of these causes of action. Moreover, it cannot be determined as a matter of law at this stage of the proceedings that the plaintiff's cause of action alleging conversion is time-barred (see Malanga v Chamberlain, 71 AD3d 644, 645-646).
We also agree with the Supreme Court's determination denying that branch of the appellants' motion which was to dismiss the complaint pursuant to CPLR 3211(a)(1) since the appellants' documentary submissions did not utterly refute the plaintiff's factual allegations and conclusively establish a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
The appellants' remaining contention cannot be determined on the record on appeal.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court