■ ANDREW BATKIN et al., Appellants, v SOFTBANK HOLDINGS INC. et al., Respondents, and SOFTBANK INTERACTIVE MARKETING INC., Appellant. [706 NYS2d 85] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered September 20, 1999, dismissing the complaint, based on an order, same court and Justice, entered on or about March 10, 1999, which, as relevant to this appeal, granted defendants' motion to dismiss the fifth, sixth, seventh, and eighth causes of action pursuant to CPLR 3211, and an order, same court and Justice, entered on or about September 7, 1999, which granted defendant former majority shareholder's motion for summary judgment dismissing the remaining, fourth cause of action, unanimously affirmed, with costs. Appeal from order entered on or about March 10, 1999 unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs' fifth and sixth causes of action, asserted as purported derivative claims on behalf of nominal defendant Delaware corporation of which plaintiffs are shareholders, based on the sale of the interest of defendant former majority shareholder to an allegedly unsuitable purchaser, was correctly dismissed for failure to make particularized allegations establishing that a prelitigation demand on the corporation's board of directors would have been futile, as required by Rules of Delaware Chancery Court rule 23.1. Plaintiffs have entirely failed to plead any particularized facts creating a reasonable doubt as to the disinterest or independence of the directors who sat at the time of the commencement of this action, or that any of such directors were involved in the sale challenged herein or were complicit in any subsequent acts of the

purchaser of the majority interest complained of in this action; the bare allegation that the purchaser appointed such directors to the board did not place their independence in doubt (*see*, *Brehm v Eisner*, 746 A2d 244, 256 [Del 2000]; *Aronson v Lewis*, 473 A2d 805, 815-816 [Del 1984]; *Andreae v Andreae*, 1992 Del Ch LEXIS 44, *13-14, 1992 WL 43924, *5-6 [Del Ch Ct, Mar. 5, 1992]).

Plaintiffs' seventh and eighth causes of action for breach of fiduciary duty, asserted in their individual capacities based on the sale of the majority interest in the corporation, are legally insufficient, since the only injury allegedly suffered by plaintiffs that is separate and distinct from any injury suffered by all other shareholders is to plaintiffs' interests as parties to a shareholders agreement and as employees of the corporation, not as shareholders, and cannot support a cause of action for breach of fiduciary duty (*see*, *Manchester v Narragansett Capital*, 1989 Del Ch LEXIS 141, *17, n 2, 1989 WL 125190, *11, n 2 [Del Ch Ct, Oct. 19, 1989]). Finally, the fourth cause of action, for breach of the shareholders agreement, was correctly dismissed on the ground that the relevant contractual provision unambiguously required only that plaintiffs be given an opportunity, within 30 days after receiving written notice of a sale by defendant former majority shareholder of its stock, to sell their own stock for the same price, and on the same terms, and it is undisputed that plaintiffs were afforded such opportunity. Concur—Rosenberger, J. P., Williams, Tom and Andrias, JJ.