■ DOUGLAS ELLIMAN, LLC, Appellant, v EAST COAST REAL-TORS, INC., Respondent, et al., Defendant. [52 NYS3d 351]—

Order, Supreme Court, New York County (Robert D. Kalish, J.), entered on or about April 14, 2016, which granted defendant-respondent's motion for summary judgment dismissing the complaint, and denied plaintiff's motion for summary judgment on its claims, unanimously affirmed, with costs.

Given that plaintiff represented on the New York State Disclosure Form that it was the buyers' agent, it could not deny that it had an express contract with buyers covering the subject matter of this action (*see* Real Property Law § 443 [1] [c]; *Julien J. Studley, Inc. v New York News*, 70 NY2d 628, 629 [1987]). The existence of such an agreement was fatal to plaintiff's quantum meruit and unjust enrichment claims (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]).

Moreover, the mere listing of the property on the consumer site Streeteasy.com, which by its terms precludes the use of the site other than for the provision of information on listings, and which ad contained no solicitation of any kind for any other broker, could not constitute any offer to plaintiff. Thus, the work plaintiff did, which was for the buyers, was not done at defendant's behest. This was fatal to both of its quasi contractual claims (*see Kagan v K-Tel Entertainment*, 172 AD2d 375, 376 [1st Dept 1991]). Concur—Sweeny, J.P., Richter, Andrias, Webber and Gesmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MARQUEZ, Appellant. [50 NYS3d 266]—Judgments, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered October 2, 2012, convicting defendant, upon his pleas of guilty, of two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of seven years, unanimously modified, on the law, to the extent of vacating the sentence and remanding the matter for a youthful offender determination, and otherwise affirmed.

As the People concede, defendant is entitled to an express youthful offender determination pursuant to *People v Rudolph* (21 NY3d 497 [2013]). Concur—Sweeny, J.P., Richter, Andrias, Webber and Gesmer, JJ.