Loughlin v de Bary (2023 NY Slip Op 00374)

Loughlin v de Bary

2023 NY Slip Op 00374

Decided on January 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 26, 2023

Before: Friedman, J.P., Moulton, Kennedy, Pitt-Burke, JJ. 

Index No. 155590/20 Appeal No. 17186-17187 Case No. 2022-01948, 2022-04110 

[*1]Suzzane Loughlin et al., Plaintiffs-Appellants,
v
Paul de Bary, Defendant-Respondent.

Clarick Gueron Reisbaum LLP, New York (Emily Reisbaum of counsel), for appellants.
Fleischman Bonner & Rocco LLP, White Plains (James P. Bonner of counsel), for respondent.

Order, Supreme Court, New York County (James D'Auguste, J.), entered on or about October 14, 2021, which granted defendant's CPLR 3211(a)(7) motion to dismiss the amended complaint, and order, same court and Justice, entered on or about February 4, 2022, which corrected a typographical error in the October 14, 2021 order, unanimously affirmed, without costs.
The motion court correctly determined that plaintiffs did not state a claim for breach of a fiduciary duty owed to them as shareholders in nonparty Rekor Systems, Inc., as they have not adequately alleged injuries incurred in such capacity (see Chester County Employees' Retirement Fund v New Residential Inv. Corp., 2016 WL 5865004, *7, 2016 Del Ch LEXIS 153, *20 [Oct. 7, 2016, No. 11058-VCMR], affd 186 A3d 798 [Del 2018]). Defendant's alleged failure to honor the warrants did not harm them as shareholders (see Loughlin v Goord, 558 F Supp 3d 126, 143—144 [SD NY 2021], affd 2022 WL 9575656, 2022 US App LEXIS 28662 [2d Cir, Oct. 17, 2022, No. 21-2460-cv]). Plaintiffs aver that the claim also arises from the other retaliatory conduct alleged in the amended complaint, but their argument is belied by their pleading where, on the breach of fiduciary duty claim, they seek "$2,546,046.87, together with interest thereon," which the motion court found to be the exact value of the warrants, a matter they do not adequately address on appeal (see also Loughlin v Harada, 2022 WL 610672, *2, 2022 US Dist LEXIS 34410, *2-3 [D Del, Feb. 28, 2022, No. 20-1055-LPS] [noting that the plaintiffs, in this action, "limited their harm to 'the exact amount of warrants'"]).
Even if we were to construe the claim as arising from the additional alleged retaliatory conduct, we would still find that dismissal of the claim is warranted, as plaintiffs do not allege how such conduct harmed them as shareholders. Any resultant harm from the alleged demotion of plaintiff Harry Rhulen and nonpayment of invoices of nonparty CrisisRisk LLC (formed by plaintiffs) was harm caused to them as parties to the relevant contracts, i.e., the employment agreements and the CrisisRisk LLC/nonparty Firestorm entities contract  not as Rekor shareholders, and thus is not a proper basis for a breach of fiduciary duty claim (see Nemec v Shrader, 991 A2d 1120, 1129 [Del 2010]; Batkin v Softbank Holdings, 270 AD2d 177, 178 [1st Dept 2000]). Nor do plaintiffs show how Rekor's commencement of a federal action can constitute a breach of fiduciary duty towards them as shareholders, where such action, even as they describe it, was commenced to vindicate Rekor's interests in connection with the Firestorm acquisition.
Dismissal of the libel claim was also proper, as the statement at issue is protected by a common interest qualified privilege and the pleading lacks adequate allegations of actual or common-law malice to overcome such privilege (see Loughlin v Goord, 558 F Supp 3d at 152-155). The statement falls well within the category of "communication[*2][s] made by one person to another upon a subject in which both have an interest" (Liberman v Gelstein, 80 NY2d 429, 437 [1992] [internal quotation marks omitted]). Rekor, its board and investors share a common interest in knowing the number of common shares outstanding at the time of the Securities and Exchange Commission (SEC) 10-Q filing and the number of shares that could potentially be obtained through the exercise of warrants, including plaintiffs', information that bears on the value of Rekor common stock (see Loughlin v Goord, 558 F Supp 3d at 153; see also 17 CFR 229.202[c]).
Plaintiffs' arguments that the privilege does not apply are unavailing. They purport to substantiate their claim that the 10-Q filing in which the statement appeared was "disseminated to the public at large — well beyond those sharing a common interest," with inapposite case law (see Sheridan v Carter, 48 AD3d 444 [2d Dept 2008] [libel claim arising from protesters' widespread distribution of flyers while standing in front of office building]). In any event, their argument is inconsistent with the relevant paragraph in the pleading, which, in alleging, on information and belief, that defendant and others "sent copies of the 10-Q to persons in New York State," depicts a far narrower, deliberate dissemination of the 10-Q. In trying to reiterate the point, plaintiffs aver that because the 10-Q is a public document, "anyone interested in a company's quarterly report can access the SEC's database to view [it]," yet in so doing, they only highlight that those who would endeavor to access the document and read it are those who do so out of an "interest" in Rekor's financials, i.e., an interest shared, in common, with those communicating the information.
The amended complaint does not adequately allege actual or common-law malice to overcome the common interest qualified privilege. The allegations do not show that defendant knew or should have known the statement at issue was false when made, and the conclusory allegations of his motive to defame, or his participation in the retaliation campaign, fall short of showing why or how he knew or should have known the statement was false (see O'Neill v New York Univ., 97 AD3d 199, 213 [1st Dept 2012]). Nor do plaintiffs adequately plead common-law malice. Given Rekor's legal duty to report the matters at issue (see 17 CFR 229.202[c]), plaintiffs cannot show that spite or ill will was the "one and only cause for the publication" as they must, to overcome the qualified privilege (Loughlin v Goord, 558 F Supp 3d at 154-155).
In an effort to buttress their malice allegations, plaintiffs argue that it was probable that defendant "knew that the fraudulent inducement accusation was false because . . . he knew that Firestorm Franchising's financial disclosures revealed both that many franchisees did not pay their monthly fees and that Firestorm Franchising was not a profitable business, in general," and cite to their amended complaint[*3], but those facts are not alleged in the pleading. The additional allegations they refer to on appeal, namely, that defendant "knew that Rekor's litigation effort was just another aspect of [the] Retaliation Campaign," are conclusory.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2023