Peraza v Revere Capital Advisors, LLC (2024 NY Slip Op 03551)

Peraza v Revere Capital Advisors, LLC

2024 NY Slip Op 03551

Decided on June 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, O'Neill Levy, JJ. 

Index No. 152017/23 Appeal No. 2562 Case No. 2023-06778 

[*1]Omar Peraza et al., Plaintiffs-Respondents-Appellants,
v
Revere Capital Advisors, LLC, et al., Defendants-Appellants-Respondents.

Windels Marx Lane & Mittendorf, LLP, New York (Scott R. Matthews of counsel), for appellants-respondents.
Tadler Law LLP, Manhasset (Ariana J. Tadler of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered November 3, 2023, which, insofar as appealed from, granted defendant Harvey McGrath's motion to dismiss the complaint as against him for lack of personal jurisdiction, and granted defendant Revere Capital Advisors, and individual defendants Paul Wolter, Dan Barnett and Jerome Crown's motion to dismiss all but plaintiffs' breach of contract claim, unanimously affirmed, with costs.
Plaintiffs Omar Peraza and Michael Smith were hired by nonparty HAI Technologies (HAI) in 2014 as its executive chairman and president, respectively. Defendant Revere Capital Advisors, LLC owns a majority interest in HAI Holdings, LLC, which in turn owns the majority interest in HAI. The individual defendants are executives at Revere and members of HAI's board of directors. This appeal stems from defendants' alleged failure to compensate plaintiffs for their work on an Oil Recovery Tool (ORT) that they helped develop.
Plaintiffs' employment agreements entitled them to a bonus upon the closing of a transaction for the ORT. The agreements defined "Transaction" to mean "any transactions. . .or related financings, whereby, directly or indirectly, control of, or a material interest in, the [ORT]. . .is, directly or indirectly transferred to an unaffiliated entity, including, without limitation, a sale or exchange of assets, a lease of assets with or without a purchase option, the formation of a joint venture, minority interest in or partnership in the assets, or any other similar transaction." Plaintiffs alleged that, in February 2020, defendants granted nonparty lenders a security interest in, among other assets, the ORT and related intellectual property in exchange for a $6 million loan to Revere.
The motion court correctly dismissed all claims against defendant Harvey McGrath, as plaintiffs have failed to meet their burden of establishing that the court has personal jurisdiction over him (O'Brien v Hackensack Univ. Med. Ctr., 305 AD2d 199, 200 [1st Dept 2003]). It is undisputed that McGrath is domiciled in the United Kingdom, and plaintiffs have failed to show that McGrath's "activities [in New York] were purposeful and established 'a substantial relationship between the transaction and the claim asserted'" (Paterno v Laser Spine Inst., 24 NY3d 370, 376 [2014], quoting Fischbarg v Doucet, 9 NY3d 375, 380 [2007]).
With respect to the breach of contract claim, plaintiffs, alleging defendants exerted domination over HAI and such domination was used to commit a wrong against plaintiffs, sufficiently pleaded a claim for alter ego liability (see Tap Holdings, LLC v Orix Fin. Corp., 109 AD3d 167, 174 [1st Dept 2013], citing ABN AMRO Bank, N.V. v MBIA Inc., 17 NY3d 208, 229 [2011]). Specifically, plaintiffs alleged defendants dominated HAI by pledging HAI's asset (i.e., the ORT) as collateral, disbursing all loan proceeds to Revere, and causing HAI to deny plaintiffs bonuses due under the employment agreements[*2](see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47-49 [2018]). Moreover, defendants' documentary evidence, the employment agreements, does not conclusively show that granting a security interest in the ORT in favor of a nonparty lender was not a "Transaction" as that term is defined.
Plaintiffs' fraudulent inducement claim fails because they have not alleged a false statement and justifiable reliance (see Raytheon Co. v AES Red Oak, LLC, 37 AD3d 364, 364-365 [1st Dept 2007]). Defendants' alleged statements regarding their "sole goal" being to sell the ORT is not an actionable misrepresentation because they merely reflect a "future intent to perform under the contract" (see Wyle Inc. v ITT Corp., 130 AD3d 438, 439 [1st Dept 2015]). Plaintiffs also failed to plead with any particularity how defendants' "concealment" of their "divided loyalties" constitute a misrepresentation, and their allegation that they were stripped of their executive duties is undermined by their own allegations regarding their role in developing and selling the ORT. In any event, plaintiffs failed to allege calculable damages because they "cannot be compensated under a fraud cause of action for 'what [they] might have gained,'" (Sapienza v Becker & Poliakoff, 173 AD3d 640, 640 [1st Dept 2019]; see also Arena Riparian LLC v CSDS Aircraft Sales & Leasing Co., 184 AD3d 509, 510 [1st Dept 2020]).
The breach of fiduciary claim on behalf of plaintiff Omar Peraza fails because he cannot identify any injury he suffered as a unitholder of HAI (see Batkin v Softbank Holdings, 270 AD2d 177, 178 [1st Dept 2000]). Rather, his alleged injuries stem from the lost opportunity to earn a transaction bonus under his employment agreement with HAI. Plaintiffs' breach of the covenant of good faith and fair dealing claim was also properly dismissed because it is, in essence, "a substitute for a nonviable claim for [breach of their employment agreement]" (Studio 1872 Inc. v Bond St. Levy LLC, 225 AD3d 578 [1st Dept 2024], quoting Sheth v New York Life Ins. Co., 273 AD2d 72, 73 [1st Dept 2000]).
Finally, plaintiffs' claims for unjust enrichment and quantum meruit were properly dismissed because the subject matter of these claims is covered by the written employment agreements, thus precluding their recovery on a quasi-contractual theory (see Douglas Elliman, LLC v East Coast Realtors, Inc., 149 AD3d 544, 544 [1st Dept 2017]; see also EBC I, Inc. v Goldman Sachs & Co., 5 NY3d 11, 23 [2005]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2024